Skipper vs. Johnson.

No. 65.—JACOB SKIPPER, plaintiff in error, *vs.* JAMES JOHN-SON, defendant in error.

In an action for the price of a horse, the defendant pleaded a breach of the warranty of soundness of the horse, in the form of a plea of total failure of consideration, and also in the form of a plea of partial failure of consideration. There was evidence that might be applicable to either plea.

The charge of the Court was such as to exclude the jury from the consideration of the plea of a partial failure of consideration.

*Held,* that the charge was erroneous.

Complaint on due bill, in Bibb Superior Court. Tried before Judge ALLEN, November Term, 1856.

Rule Nisi, and motion for new trial.

James Johnson the plaintiff below brought his action against Jacob Skipper for the recovery of a due bill, for seventy-five dollars.

Defendant pleaded failure of consideration, in this, that said due bill was given as part of the price of a mare swapped by plaintiff to him, warranted to be sound, and that said mare was unsound and worthless: Also the same facts by way of partial failure of consideration.

Plaintiff read the due bill and closed.

Evidence for defendant.

*Lewis S. Araut,* saw the mare some short time after the trade, and she was then lame and unsound.

*Littlebury Clarke,* saw the mare on the day of the trade, she was then a very fine looking animal; saw her a few days afterwards, she then appeared to have something the matter with her, seemed to be lame: knew the mule that defendant gave in part pay for the mare, it was young and worth from $125 to $150. Heard that defendant had taken the mare to Alabama; he used her some, do'nt know how much. Did not bring the mare back with him from Alabama; he left her there and she was brought back afterwards.

Defendant seemed anxious to get the mare from plaintiff for a brood mare.

*Daniel Skipper* examined by interrogatories, says he was present at the trade; defendant gave a young mule and this due bill, for $75, for the mare; plaintiff said she was sound as far as he knew, and he had known her long enough to know that she was sound; don't know that the mare was unsound at the time of the trade, but she became worthless as soon as she was put to work; knows that she was warwanted to defendant.

Plaintiff in reply.

*James V. Green*, was called on to examine the mare after the trade. Skipper complained that she was unsound; I examined her and considered her sound; she was worth $75 more than the mule he gave in exchange for her; she had no *swinney;* means if she was sound she would be worth $75 more than the mule.

*Samuel Compton*, believes the mare to be worth fifty dollars more than the mule; was called on to examine her with Mr. Green; she had no *swinney,* and was perfectly sound; have been much engaged about horses and have some skill in detecting their diseases; never saw the mare since I examined her; reside in Montgomery, Alabama, and am engaged in a livery stable.

The presiding Judge charged the jury, that on production of the due bill, plaintiff was *prima facie* entitled to recover. If you believe from the evidence that the mare was worthless at the time of the trade, that is, that the consideration given for the due bill failed, you will find for the defendant, otherwise you will find for the plaintiff.

The jury found for the plaintiff the amount of the due bill and cost of suit.

Defendant moved for a new trial, because the verdict was against the evidence and against law and justice; and because the charge was contrary to law.

The motion for new trial was refused, and thereupon defendant excepted.

Stubbs, Hill & Tracy, for plaintiff in error.

E. A. & J. A. Nesbit, for defendant in error.

*By the Court.*—Benning J. delivering the opinion.

There was a plea of partial, as well as one of total, failure of consideration.

The evidence was such as was applicable to both pleas.

Yet the charge of the Court was obviously such as to exclude the jury from the consideration of the plea of a partial failure of consideration.

We think, therefore, that the charge in so far as it did this, was erroneous.

Consequently we think that there ought to be a new trial in the case.

A new trial having to be granted on this ground, it is needless to consider the other grounds, relating, as they do, to the sufficiency of the evidence to support the verdict.

Judgment reversed.