HEMAN BALDWIN, Appellant, *v.* GEORGE O. BANKS *et al.,* Appellees.

### APPEAL FROM LA SALLE COUNTY COURT.

In an action upon a note, where the word "not" is omitted in the averment of non-payment, the omission will be cured by the statute of "Jeofails," and if not, the obvious sense from the context will make the declaration good.

In a plea of failure of consideration, alleging that land sold the maker of the note had on it but sixteen hundred cords of wood instead of twenty-four hundred cords, it should be shown that the deficiency in the quantity of wood was equal in value to the note sued on, or the plea will be bad.

THIS was an action of assumpsit, brought at the June term of the La Salle County Court, on a promissory note made by Baldwin and payable to one Henry J. Miller, and by Miller assigned to Banks and Hutchinson, plaintiffs below, before due.

The declaration had a count upon the note, and also a common count for goods sold and money paid for the use of defendant, and had the following breach :

Yet the defendant hath disregarded his last mentioned promises, and hath paid any of the said money, or any part thereof, to the damage of the plaintiffs, of five hundred dollars. Therefore, they bring this suit.

At the June term aforesaid, the defendant pleaded the general issue, and three special pleas.

By his first plea the said defendant says, that all of the said supposed sums of money, mentioned in said plaintiffs' declaration, has reference to, and is, in fact, only one supposed sum of money, and that is the same sum of money mentioned in said supposed promissory note, declared on in the first count of said plaintiffs'

declaration; and the said defendant says, that if any such promissory note, as declared on in said first count in said declaration, was executed and delivered by him as is charged against him, it was so executed and delivered to the said Henry J. Miller, for the consideration, and the sole and only consideration, that he, the said Henry J. Miller, would then and there convey, by a good and indefeasible title in fee simple, to him, the said defendant, the following described real estate—describing it, with timber and wood upon it sufficient to make twenty-four hundred cords of wood; he, the said Henry J. Miller, then and there representing to the said defendant that the timber and wood were then and there to be found on said tracts of land. And the said defendant never having been on or seen such land or wood, which fact was then and there well known to the said Henry J. Miller, and he, the said defendant, relying wholly upon the good faith of the said Henry J. Miller, and the representations made by him as aforesaid as being true, did then and there execute and deliver said note; and avers, that he gave the said note to the said Henry J. Miller, by reason of the representations aforesaid, made to him by the said Miller; and which said representations, the said defendant avers, were not true in this, that there was not then, nor has there been at any time since, timber and wood sufficient to make twenty-four hundred cords of wood; but, on the contrary, all the timber and wood on said tracts of land at that time, or at any time since, was not sufficient to make over sixteen hundred cords of wood. And the defendant says, that the representations so made to him by the said Henry J. Miller, as to the amount or quantity of timber and wood on said tract of land, were false, and fraudulently made to deceive this defendant; and that this defendant has been deceived and defrauded by them, and that there never was any consideration for the giving of said promissory note declared on, if any such note were so given.

The second special plea avers, that all of the several sums of money claimed in the plaintiffs' declaration, as being due and owing by this defendant to the plaintiffs, has reference to but one sum of money, and is the sum mentioned in the said supposed promissory note declared on in the first count of said plaintiffs' declaration, and not other and different sums. And as to the sum of money mentioned in the promissory note, defendant says, it was so executed and delivered to the said Henry J. Miller, in consideration that he, the said Henry J. Miller, would then and there convey, by good title, unto this defendant, real estate which should have timber enough thereon to make, when cut and piled up, twenty-four hundred cords of wood. And defendant says, that said Henry J. Miller did not then and

there, nor has he at any time thereafter up to the time of this suit being commenced, conveyed unto this defendant real estate which had timber enough thereon to make, when cut and piled up, twenty-four hundred cords of wood; but, on the contrary, the said defendant says, that all the timber on all the land conveyed by the said Henry J. Miller to this defendant, would not exceed, when cut and piled up, sixteen hundred cords; of all which the said plaintiffs, at the time when said supposed note was so assigned or indorsed to them, had notice.

The third plea says, that all of the several sums of money claimed in the several counts of the said plaintiffs' declaration, has reference to, and is, in fact, only one supposed indebtedness, and is the same sum of money claimed to be due as is mentioned in the supposed promissory note declared on in the first count of said plaintiffs' declaration; and as to said supposed promissory note, the said defendant says, that if any such note was so executed and delivered to the said Henry J. Miller, as is declared on in said plaintiffs' declaration, it was so executed and delivered by this defendant to the said Henry J. Miller, under the following circumstances—averring the same facts in substance.

A demurrer was filed by plaintiffs' attorney to the second, third and fourth special pleas; to which there was a joinder.

A trial was had on the demurrer filed by plaintiffs to the second, third and fourth pleas of defendant, which resulted in sustaining the said demurrer to all of said pleas, and plaintiffs had leave of the court to withdraw the common counts in their declaration; and the said defendant electing to abide by his pleas as aforesaid, the court, by consent of parties, (a jury being waived) proceeded to try the cause on the special count in the declaration and the general issue filed thereto as aforesaid. And the plaintiffs, at said trial, offered in evidence the said note declared on in their said declaration, to the introduction of which note the defendant objected. The court overruled said objection, and admitted said note to be read in evidence; and, afterwards, did find, on the issue aforesaid, in favor of the plaintiffs, in the sum of three hundred and twenty-five dollars and costs. And afterwards, the defendant entered a motion for a new trial, which motion was overruled by the court, and judgment was rendered for the said sum of three hundred and twenty-five dollars and costs.

And the said defendant prayed an appeal.

JENKINS & BLANCHARD, for Appellant.

CHAS. BLANCHARD, for Appellees.

CATON, C. J. The objection to the declaration is not well taken, even if we can carry the demurrer back over a good, issuable plea, which, it must be admitted, the general issue is. The averment of non-payment applied to the special count as well as the common counts, and left the special count good, after the common counts were dismissed. The clerical omission of the word *not* is cured by the statute of *jeofails*, and even if it were not, where the sense is so obvious from the words used, we should not hesitate to hold the declaration good.

The substance of the defense relied upon is, that the note was given in part consideration of two thousand dollars, the purchase money of various tracts of land, which the payee of the note sold to the maker, and represented that they had upon them' twenty-four hundred cords of wood, whereas they had upon them but sixteen hundred cords, which the vendor well knew ; and that the maker of the note purchased on the faith of those representations, supposing that there was the full twenty-four hundred cords of wood on the land, and that the plaintiffs, when they took the note, well knew all these facts, and conclude in bar of the whole action.

Now the manifest and insurmountable objection to these pleas is, that they do not show that the eight hundred cords of wood which were wanting, according to the representations, were worth the amount of the note sued on, and unless they were, they could not entirely defeat the plaintiffs' action, which each of these pleas purports to do. It is not even averred that the wood was of any value whatever, so that the pleas were insufficient to defeat any part of the cause of action, much less the whole.

The demurrer was properly sustained, and the judgment must be affirmed.

*Judgment affirmed.*