MICHAEL DIVERSY, Appellant, *v.* ADOLPH LOEB, Appellee.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

An accommodation acceptor of a bill, cannot set up as a defense, that he never received any consideration.

THIS was an action of assumpsit, brought to the Cook County Court of Common Pleas.

The plaintiff declared upon a bill of exchange, dated the 3rd day of December, A. D. 1857, for five hundred dollars, drawn

by S. D. LaRue, upon the defendant, Diversey, at three months, payable to the order of the drawer, at the office of Greenbaum & Brothers, Chicago ; and also upon the common money counts.

The defendant pleaded to the declaration the general issue, and to the count upon the said bill the following plea of want of consideration :

And for a further plea in this behalf, as to the first count in said declaration, said defendant says *actio non*, because he says that he accepted the said bill of exchange in said count mentioned, without any good, valuable or sufficient consideration therefor, which was well known to the said plaintiff at the time he received the said bill, to wit, at Chicago aforesaid. And this he is ready to verify, wherefore he prays judgment, etc.

To this plea the plaintiff demurred generally, and the court, J. M. WILSON, Judge, sustained the demurrer, and rendered judgment in favor of said Adolph Loeb, for the sum of five hundred and twenty-three dollars and twenty-five cents.

The defendant prayed an appeal, which was allowed.

The decision of the court in sustaining the said demurrer is assigned for error.

SCATES, MCALLISTER & JEWETT, for Appellant.

B. S. MORRIS, for Appellee.

WALKER, J. An accommodation acceptor, like a surety on a promissory note, cannot be heard to say that there was no consideration received by him. That such acceptance or indorsement as surety, gives the paper of the drawer of a bill, or the principal in a note, credit with the person to whom the bill is negotiated, or to whom the note is drawn, is a sufficient consideration to bind the acceptor of the bill, or the surety on the note. It is usually the credit of the acceptor or surety, that enables the drawer or maker to procure money or property on the instrument, and it would be unjust to permit the acceptor or surety to avoid payment because he had not himself received the consideration for which it was given, but had enabled another to procure it, who could not have done so without his indorsement. And the fact that the person receiving the instrument knew that he was an accommodation acceptor, can make no difference, as he had put his name on the paper, and sent it into the world, and thereby given it credit, which may have alone rendered it valuable in the market. If the holder gives a *bona fide* consideration for it, he has a right to recover against the accommodation acceptor, whether he got the money for which it was negotiated or not. Edw. on Bills, 316 ; 3 Esp.

R. 46. This is known and acted upon in the commercial world, it is believed almost without exception, as well as by most of the legal profession.

In this case, there is nothing disclosed by the record, such as fraud, payment, or any other fact which would authorize a court to decide in favor of appellant, but the law and facts are clearly with the appellee, and in the absence of any error in the record the judgment of the court below must be affirmed.

*Judgment affirmed.*