Maurice Armstrong, Plaintiff in Error, *v.* Elizabeth Webster, and Jas. R. Welch, Defendants in Error.

ERROR TO MONTGOMERY.

In an action of assumpsit, the defendant pleaded the general issue to the whole declaration, and a special plea to the first count. A demurrer to the special plea was overruled. It was held to be error to render a judgment in bar of the action, while the issue under the first plea remained undisposed of.

The objection that a plea is double, can only be raised on a special demurrer.

A plea which shows a submission of matters in controversy to arbitrators, three days before the execution of the note sued upon, and which does not aver that the consideration of the note was among the matters submitted, is not a sufficient plea of an award.

A plea which avers that the note sued upon was given to avoid the threatened levy of a distress warrant by the plaintiff, upon the property of one of the defendants, and that there was nothing due to the plaintiff, is a good plea of want of consideration.

A plea which sets forth facts showing a want of consideration, but states them as showing a failure of consideration, is nevertheless a good plea of want of consideration.

This was an action of assumpsit in the Montgomery Circuit Court, brought by plaintiff in error against defendants in error.

The declaration contains two counts. The first is a special count upon a promissory note, and the second is a count upon account stated.

To this declaration were interposed two pleas.

1st. Plea of non-assumpsit.

2nd. "And for a further plea in this behalf the said de-

fendants, by leave, etc., as to the first count of the said declaration, say that the said plaintiff ought not to have or maintain his aforesaid action thereof against them, because they say, that before the making of the said promise and undertaking, in the first count of said declaration, to wit, on the twenty-fifth day of January, A. D. 1861, at the county and State aforesaid, the said plaintiff, and the said defendant Elizabeth Webster, submitted themselves by verbal agreement of that date, and then and there engaged in all things well and truly to stand to, obey, abide, perform, fulfill and keep the award, order, arbitrament, and final end and determination of Elgin Smith, Titus Claflin and Joseph Everts, arbitrators indifferently elected and named, as well on behalf of the said plaintiff as of the said defendant Elizabeth Webster, to arbitrate, award, judge and determine of and concerning all, and all manner of, action and actions, cause and causes of action, suits, quarrels and controversies, damages and demands whatsoever, at any time theretofore had, made, done, suffered, committed, or depending by and between the said plaintiff and the said Elizabeth Webster, defendant, or either of them, so as the said award should be made by the said arbitrators, under their hands, and ready to be delivered to the said parties, or either of them, when demanded thereafter; and the said defendants say that the said arbitrators, before the expiration of the time limited for making their award, to wit, on the day and year and at the place last aforesaid, took upon themselves the burthen of the said arbitration, and having duly examined and considered the subject-matter in dispute between the said plaintiff and the said defendant Elizabeth Webster, they, the said arbitrators, did make their award in writing under their hands, of and concerning the premises, of and concerning the said matters in difference between the said plaintiff and the said defendant Elizabeth Webster, and ready to be delivered to the said parties in difference, and did thereby then and there award that the said defendant, Elizabeth Webster, was not in any manner indebted to the said plaintiff, and did not then and there owe the said plaintiff any sum of money concerning any manner of action or actions, cause or

causes of action, and said arbitrators then and there acquitted the said parties from and of all manner of action and indebtedness, the one to the other, and the said award was by the said arbitrators then and there delivered to one Andrew S. Armstrong, and is not in the possession of said defendants, or either of them, and not in their power now to show to the court.

" And the said defendants further say, that the said plaintiff, after the making of the said award, would not abide thereby, but falsely pretending that the said defendant, Elizabeth Webster, before the making of the said award, was indebted to the said plaintiff for rent in a large sum of money, to wit, in the sum of about four hundred dollars, and so falsely pretending and averring, he, the said plaintiff, to wit, on the twenty-eighth day of January, A. D. 1861, at the county and State aforesaid, fraudulently issued a distress warrant, and placed the same in the hands of one Cullen Criswell, a constable of said county, to execute, and then and there ordered and directed the said Criswell to seize the goods and chattels of the said defendant, Elizabeth Webster, if she, the said Elizabeth Webster, should refuse to execute the note described in the said first count of the said declaration mentioned, with the said defendant Welch as security.

" And the said defendants aver that the said Cullen Criswell, on the day and year last aforesaid, presented and showed to the said defendant, Elizabeth Webster, the said distress warrant, and told the said defendant, Elizabeth Webster, that if she refused to execute a promissory note, the same as the one in the said first count mentioned, and procure thereto the signature of the said defendant, James R. Welch, that he would seize the property of the said defendant, Elizabeth Webster, and take and carry the same away, and sell and dispose thereof to pay and satisfy the debt named in the distress warrant; and the said defendant, Elizabeth Webster, fearing that the said constable, Criswell, would carry his threats into execution, and would seize and take away her property, and not being indebted to the said plaintiff, executed the said promissory note in the said first count of the said declaration,

and induced the said James R. Welch to sign the same, as security, and the said promissory note was given for no other different consideration. Wherefore, the said defendants say that the consideration of the said promissory note hath wholly failed ; and this the defendants are ready to verify," etc.

Issue was joined on the first plea.

A general demurrer was interposed to the special plea.

Demurrer was overruled.

Judgment was then rendered in the words following, to wit: " It is ordered and adjudged by the court, that said defendants recover of and from said plaintiff their costs by them about this suit in this behalf made and expended, and that they have execution therefor." And the plaintiff brings the case to this court by writ of error.

N. M. BROADWELL, for Plaintiff in Error.

The special plea is bad for duplicity and uncertainty. It is double, in this, that it consists of a plea of arbitrament and award, and a plea of duress, coupled together. It is vague, indefinite, and uncertain, in not disclosing which ground it rests upon, and in claiming that the matter pleaded shows a failure of consideration, when, if properly pleaded, it shows no consideration. 2 Scam. 31, 62, 63.

It is bad as a plea of arbitrament and award :

Because it does not show that any matter whatever between plaintiff and defendants below, was ever submitted to or passed upon by arbitrators; the submission and award set up in the plea being of and concerning matters between plaintiff and one defendant only.

Because it does not show that the matter embraced in the note sued upon, was ever submitted to or passed upon by arbitrators ; the submission and award in the plea set forth being of and concerning matters which arose prior to the 25th of January, 1861, the note having been executed after that time.

Because there is no time set forth within which, according to the submission, the award was to be made. This should

appear, in order that the court may see that the award was made in pursuance of the submission.

It is bad as a plea of duress:

Because it does not show that both makers of the note were under duress. It is a well settled principle of law that duress affects the party himself, for if there be two promissors, one of whom executed the note by duress, the other cannot take advantage of this, to avoid the note as to himself. Upon this principle it is held that sureties cannot plead duress of principal. 16 Ill. 359.

Because it does not show that even one of the makers of this note was under duress. Duress is of two kinds, to wit, duress of imprisonment, and duress *per minas.* There is no claim that the duress in this case is of the former kind, and duress of the latter kind is either for fear of loss of life, or else for fear of mayhem, or loss of limb. A fear of battery or being beaten, though never so well grounded, is no duress; neither is the fear of having one's house burned, or one's goods taken away and destroyed. 1 Blackstone, 131.

Finally, it was error to render final judgment without disposing of the issue joined on the common count. 1 Gilm. 415; 2 Scam. 62, 63; 24 Ill. 151.

WALKER, J. The sufficiency of the defendant's second plea was questioned by demurrer, which was overruled by the court, and judgment was rendered in bar of the entire action. This was error, as that plea only purported to be an answer to the first count of the declaration. The general issue was filed to all the counts, and there was an issue to the country which remains undisposed of by trial or otherwise. For this error the judgment must be reversed.

It is insisted, that the second plea is double. If this be so, it was only cause for special demurrer, such an objection not affecting the substance of the plea. It is not a sufficient plea of an award, as it does not aver that the consideration of the note was embraced in, or passed upon, by the arbitrators. It is true that it avers, that on the 25th day of January, three days previous to the date of the note, all matters of difference

and dispute between the plaintiff in error and one of the defendants, had been submitted to arbitrament, and an award had been made in pursuance of the submission, ready for delivery in the manner and within the time specified. But for aught that appears, the consideration of the note may have been wholly disconnected with the matters submitted, or it may have arisen after the submission was made. Nor is it helped by the subsequent averment, that it was given for rent claimed to be due, as the time for its payment may have occurred after the agreement to submit to arbitration had been made. Or the note may have been given in consequence of the award itself.

It is insisted that it is insufficient as a plea of duress. We do not see that it purports to be such a plea, as it fails to aver facts necessary to constitute such a defense. It rather appears to have been designed as a plea of want of consideration. If the claim of rent was unfounded, and the defendant against whom it was made owed plaintiff nothing, there was a want of consideration to support the note. Nor does it appear to have been given as a compromise, as it is only averred that the note was given to prevent a threatened levy under a distress warrant, issued by plaintiff, and threatened to be executed. If nothing was due, the means employed to coerce a compliance with an unjust demand, instead of giving validity to the note, was of the most reprehensible character. Although the plea may not be very technically framed, still it does aver that the principal maker of the note was not indebted to the payee, and that he resorted to the harsh and summary means, without any sufficient grounds, to force a compliance with his unjust demand, and that there was no consideration to support the note. This, in substance, presented a defense, and the court below did not err in overruling the demurrer. The judgment of the court must be reversed, for the error indicated, and the cause remanded.

*Judgment reversed.*