# DAVID HONEYMAN, Impleaded, etc.

*v.*

# SAMUEL JARVIS, Guardian, etc.

1. PLEADING—*plea of failure of consideration—of the necessary averments.* In an action on a promissory note, to constitute, under the statute, a good plea of failure of consideration, the pleader must set out what the consideration was, and specify wherein it has failed.

2. SAME—*plea of want of consideration—whether sufficient.* But in setting up the defense of want of consideration, although when there is a supposed consideration and an alleged insufficiency of it to support the instrument, the pleader may set it out for the purpose of referring its want of sufficiency directly to the judgment of the court, yet the rules of pleading do not require that to be done, and the plea is sufficient if it aver, in the language of the statute or in any other equivalent language, that the defendant made the note without any good or valuable consideration therefor.

3. In an action on a promissory note by the original payee against the maker, the defendant filed a plea of want of consideration, which, after the formal part, read as follows: "And there was no consideration for said note, and that said defendant was not indebted to said plaintiff at the time of giving said note, upon any consideration whatever; and that the said promise of said defendant was a mere naked promise, without any consideration therefor:" *Held*, that the averments of the plea were fully equivalent to the language of the statute, and that upon general demurrer the plea was sufficient.

4. The defendant filed another plea, purporting to be one of want of consideration, which averred that prior to the making of the note, one H had been appointed guardian for certain minor heirs by the court of common pleas of Union county, in the State of Indiana, and as such, gave a bond in said court, upon which the plaintiff in this suit was surety; that afterwards, said H was appointed by the same court as special commissioner to sell the real estate of said minors, and as such, executed another bond for the faithful performance of his duties as commissioner, which was executed by defendant as security; that afterwards, said real estate was duly and properly sold by such commissioner, and all his proceedings duly reported to said court and approved, and the money and securities duly accounted for as by law required, and were paid over to the proper guardian of said minor heirs, and all the duties required by law of said H as such special commissioner were by him fully and properly performed, and defendant as surety fully discharged, and not liable to pay any

sum whatever to any person by reason of such bond; that the plaintiff, well knowing the premises, falsely represented to defendant that said special commissioner had failed in the performance of his duty as such special commissioner, etc., and thereby, by means thereof, defendant was induced to execute said note without any consideration whatever: *Held*, upon general demurrer the plea was sufficient.

5.  So, also, a. plea purporting to be one of want of consideration and substantially the same as the above, except that it averred the want of liability of the defendant on the bond given by H as commissioner with greater particularity, was held good on general demurrer.

APPEAL from the Circuit Court of Mercer county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. MILLER, FROST & LEWIS, for the appellant.

Messrs. PEPPER & WILSON, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This was assumpsit, by the original payee of a promissory note, against the makers, one of whom, the appellant, filed three special pleas, to all of which the court below sustained a general demurrer. The sufficiency of these pleas is the only matter for decision. The first plea, after the formal part, is in these words: "And there was no consideration for said note, and that said defendant was not indebted to said plaintiff at the time of giving said note, upon any consideration whatever; and that the said promise of said defendant was a mere naked promise without any consideration therefor."

The statute declares that in any action commenced, or which may hereafter be commenced, in any court of law in this State, upon any note, bond, bill, etc., for the payment of money or property, etc., if such note, bond, bill, etc., was made or entered into without a good or valuable consideration, or if the consideration upon which such note, bond, bill, etc., was made or entered into has wholly or in part failed, it

shall be lawful for the defendant or defendants, etc., to plead such want of consideration, or that the consideration has wholly or in part failed; and if it shall appear that such note, bond, bill, etc., was made or entered into without a good or valuable consideration, or that the consideration has wholly failed, the verdict shall be for the defendant; and if it shall appear that the consideration has failed in part, the plaintiff shall recover according to the equity of the case. R. S. 385–6.

It is the settled law of this court that a plea of entire failure of consideration is bad, unless it shows what the consideration was, and states particularly in what the failure consisted; that general averments are not sufficient. *Parks* v. *Holmes,* 22 Ill. 522; *Baldwin* v. *Banks,* 20 Ill. 48.

The same rule applies, of course, to a plea of partial failure, and is supported by reasons springing from the very philosophy of pleading.

Counsel for appellee insist that a plea that the defendant made or entered into the note without any good or valuable consideration, to be good, must set out all the circumstances attending the making of it, and thereby show the want of consideration. Such a plea, as a general result, would violate the rule of pleading, which requires the fact, and not the evidence of the fact, to be averred. This plea is essentially different from that of a failure of consideration. The latter is framed upon the theory that there was originally a good or valuable consideration, but which has failed by facts subsequent. These facts comprise affirmative matters which must be particularly stated in order to apprise the plaintiff of what he is required to meet by evidence. The difference between the two kinds of pleas was expressly recognized in the early case of *Poole* v. *Vanlandingham,* Breese (Beecher's Edit.), 47. There, the third and seventh pleas were that the note was given without any good or valuable consideration. The fourth averred, in general terms, that the consideration had wholly failed. The court held the third and seventh good, but the

fourth bad; because it was necessary, when the consideration is alleged to have failed, to show in what manner it had failed; that the circumstances should be set out with as much precision as in a declaration.

It is stated in the Reporter's note to *Stacker et al.* v. *Hewitt,* 1 Scam. 207, that *Poole* v. *Vanlandingham, supra,* was there overruled. A critical examination of the two cases shows this statement to be too broad. In the case in Breese, the court made an observation that on the plea of want of consideration, the plaintiff takes the affirmative—or, in other words, that the defendant was not required to prove a negative. If the case in Scammon is correctly reported, the plea was simply that the note was given without any consideration whatever. The action was debt upon a sealed note, and the plaintiff took issue on the plea of want of consideration. On the trial, the plaintiff introduced his note in evidence, which was under seal and expressed to have been given for value received. To this evidence the defendant demurred *ore tenus.* The circuit court held the evidence insufficient, and no other evidence being given, gave judgment for defendant. On error to this court, it was held that the execution of the note not having been denied by a plea verified by affidavit, the note was admissible in evidence, and when admitted, it imported a consideration; but raising no question as to the form or substance of the plea, it was further held that the production of evidence to support the plea of no consideration, it being an affirmative plea, devolved on the defendant. The court said: "The position assumed by counsel, that the plea was the affirmation of the non-existence of a fact not susceptible of proof by the defendant, and that therefore the *onus probandi,* to show the actual consideration of the note, ought to devolve on the plaintiff, is not, we apprehend, by any means correct. The entire absence of a consideration for the execution of the note, would be a fact as completely within the means of proof by the defendant as the plaintiff's ability to show a consideration therefor." In this respect, and this only, was Poole's case

overruled. The same rule there laid down as to pleas of failure of consideration has ever since obtained; and the same rule there announced, that a plea of want of consideration is good without averring circumstances or a supposed consideration was not only impliedly recognized in *Stacker* v. *Hewitt, supra,* but it has received a tacit recognition by this court in various other cases.

*Vanlandingham* v. *Ryan,* 17 Ill. 25, was a plea of failure of consideration, which omitted the averments of what the consideration was and the particulars of its failure. It was held bad. *Parks* v. *Holmes* and *Baldwin* v. *Banks,* above cited, were the same. *Topper* v. *Snow,* 20 Ill. 434, had also a plea of failure of consideration. Its sufficiency was not questioned, but it was held the burden was on defendant to sustain his plea by evidence.

In *Diversey* v. *Loeb,* 22 Ill. 393, the defendant was sued as acceptor of a bill, by an indorsee. The plea was that defendant accepted without any good, valuable or sufficient consideration therefor, which the plaintiff well knew at the time he took the bill. The only question in this court was the sufficiency of that plea on demurrer. The court, making no objection to the plea for want of averments of circumstances to show want of consideration, put its decision upon the ground that the defense of want of consideration could not be made by the acceptor of a bill, to an action by the indorsee, although the plea averred notice to the indorsee of want of consideration, without the further averment that plaintiff was holder without consideration.

In *Smith* v. *Doty,* 24 Ill. 163, the action was upon a note. Plea that the note sued on was given in consideration of the assignment of another note, which had been given by one Higly to plaintiff, and that the latter note was given without any consideration, and was therefore void, while the plaintiff fraudulently represented that it was good and collectible, so that the note in suit was given without any consideration. This plea was held bad, not on the ground that it failed to

state the circumstances under which the first note was given, but because it failed to aver that the plaintiff became assignee of the first note after it became due or had notice of the want of consideration.

*Armstrong* v. *Webster et al.* 30 Ill. 333, was upon a note. The plea was, in substance, that the note was given to prevent a distress for rent, claimed by plaintiff to be due from one of defendants, when, in fact, as it was averred, no rent was due, nor was he otherwise indebted. It was held good as a plea of want of consideration.

In *Kirkpatrick et al.* v. *Taylor*, 43 Ill. 207, the action was by the administrator of Elizabeth Kirkpatrick, upon a note given to her by defendants. The plea was that the note was given to secure the support and maintenance of said Elizabeth, the mother of one of the defendants, during her natural life, with a contemporaneous agreement, which was presumed to be verbal, that upon her death the note should be surrendered up as null and void; that said Elizabeth was dead, and that there was no other consideration, wherefore the consideration had failed. There was a special demurrer to the plea, but it was not assigned for cause that the plea was designated as one of failure, instead of want of consideration. The demurrer was sustained below, and on appeal to this court, the sufficiency of the plea was the only question. The court held that, although natural affection constituted a good consideration for a deed, yet it was not a good consideration for a promissory note. The verbal agreement to surrender was treated as surplusage, and the plea was held good as a plea of want of consideration. Again, in *Jones et al.* v. *Buffum,* 50 Ill. 277, the court said: "Under our statute, a party may plead the note was given for no good or valuable consideration, or that the consideration has wholly or in part failed, alleging wherein and to what extent."

The rules deducible from the cases cited are that, to constitute a good plea of failure of consideration under the statute, the pleader must set out what the consideration was, and

specify wherein it has failed; that in setting up the defense of want of consideration, although when there is a supposed consideration, and an alleged insufficiency of it to support the instrument, the pleader may set it out for the purpose of referring its want of sufficiency directly to the judgment of the court. Still, the rules of pleading do not require that to be done; and the plea is sufficient if it aver, in the language of the statute, or any equivalent language, that the defendant made the note in the count without any good or valuable consideration therefor.

If the rule contended for by appellee obtained, requiring the pleader to state the circumstances or supposed consideration, the rule would necessarily be general, and such statement an indispensable prerequisite to every good plea of want of consideration. There are many instances, or at least there may be, where there is no color of a consideration. Still, under the rule contended for, even in such cases, it would be necessary for the pleader to set forth circumstances which must, in the nature of things, be either fictitious or amount to mere evidence of the main fact, viz: want of consideration. As is pertinently asked in a note to Poole's case: "Suppose a note to be given without any pretense or show of consideration, how could a defendant do more than aver that it was given without any consideration?"

We are of the opinion that the averments in this plea, that there was no consideration for said note, and that it was a mere naked promise by the defendant without any consideration therefor, are fully equivalent to the language of the statute, and upon general demurrer, the plea is sufficient.

The second and third pleas purported to be pleas of want of consideration, and to set out a supposed consideration. To these the court also sustained a general demurrer, which ruling is assigned for error.

The averments of the second are that, prior to the making of the note, one John Honeyman had been appointed guardian for certain minor heirs, by the court of common pleas of Union

county, in the State of Indiana, and as such, gave a bond in said court, upon which the plaintiff in this suit was surety; that afterwards, said John Honeyman was appointed by the same court as special commissioner to sell the real estate of said minors, and as such, executed another bond, for the faithful performance of his duties as commissioner, which was executed by appellant as security; that afterwards, said real estate was duly and properly sold by such special commissioner, and all his proceedings duly reported to said court, and approved, and the money and securities duly accounted for as by law required, and were paid over to the proper guardian of said minor heirs, and all the duties required by law of said John Honeyman, as such special commissioner, were by him fully and properly performed, and appellant, as surety, fully discharged, and not liable to pay any sum whatever to any person by reason of said bond; that the plaintiff, well knowing the premises, falsely represented to appellant that said special commissioner had failed in the performance of his duty as such special commissioner, etc., and thereby, by means thereof, appellant was induced to execute said note without any consideration whatever.

It will be observed that there is nothing disclosed in the plea upon which to base any color of right in plaintiff to receive the note or intermeddle in the matter, except the mere fact that he was surety on the original bond given by John Honeyman, as guardian of the minor heirs, whose real estate the guardian was afterwards appointed as special commissioner to sell. The want of any breach or failure of duty, or liability on the part of the commissioner, and want of liability on the part of appellant, under his bond, is distinctly averred, together with the fact that the note was executed without any consideration whatever. These facts are all admitted by the demurrer. We are of the opinion that the case falls within that of *Armstrong* v. *Webster et al.* 30 Ill. 333, above cited, and that the plea must be held sufficient upon general demurrer.

· The third plea is substantially the same, except that it avers the want of liability on the bond given by John Honeyman, as commissioner, with greater particularity. It is the opinion of a majority of the court that this plea was also good upon general demurrer.

The judgment of the court below must be reversed, with leave to the plaintiff to withdraw his demurrer and plead over.

*Judgment reversed.*