Morgan *et al. vs.* Printup Brothers & Pollard, for use.

---

MORGAN *et al. vs.* PRINTUP BROTHERS & POLLARD, for use.

[Jackson, Chief Justice, did not preside in this case.]

1. Suit having been brought on four promissory notes, two of which expressed their consideration to be a steam engine and a cotton press, and the other two a cotton gin, a plea which stated that the consideration of the notes for the steam engine had entirely failed, and that the consideration of the notes given for the gin had failed, because the gin was represented to ·be a good gin, when, on the contrary, its ribs were made of inferior soft metal, and wore out the first season, was substantially a plea of partial failure of consideration.

2. A plea of total failure of consideration includes partial failure of

---

*Compare 68 Ga., 455.

consideration; and under the former plea, a defendant may obtain. an abatement in the sum agreed to be paid, if the evidence shows a partial failure and the extent thereof.

December 4, 1883.

Promissory Notes. Failure of Consideration. Plead- ings. Before W. M. REESE, Esq., Judge *pro hac vice.* Columbia Superior Court. March Term, 1883.

In addition to the report contained in the decision, it is only necessary to state that each of the first two notes stated its consideration to be "one 6 H. P. engine, 2d hand, and 1 Smith H. P. cotton press;" and the other two stated their consideration to be a cotton gin. The plea of failure of consideration, filed by Morgan, was as follows:

"Defendant says the consideration for which the note for the one 6 H. P. Scofield engine was given has entirely failed, because he says plaintiffs warranted said engine to be full six horse power, and to be in good condition, in all which plaintiffs were mistaken, the engine not being full six horse power, nor was it in good condition, but was a source of annoyance and expense to defendant almost from the time he first bought it until it finally broke down entirely, and is now worthless. And of this he puts himself upon the country. And for further plea in this behalf, defendant says *actio non*, etc., because he says the consideration of the gin note has failed, because he says the gin was represented as a good gin, when, on the contrary, the ribs of said gin were made of inferior soft metal, and wore out the first season."

SALEM DUTCHER, for plaintiffs in error.

W. D. TUTT, by W. K. MILLER for defendant

BLANDFORD, Justice.

1. The defendants in error sued plaintiffs in error on four promissory notes, two for the expressed consideration of one steam engine and one cotton press, two for expressed consideration of one cotton gin. Defendant pleaded that the consideration of the notes for the steam engine has entirely failed, etc.; and the consideration of the gin notes

has failed, because the gin was represented as a good gin, when, on the contrary, the ribs of the gin were made of inferior soft metal, and wore out the first season, etc.

The court charged the jury, *inter alia:* 'As to the engine, defendant pleads a total failure of consideration. He might have pleaded a partial failure of consideration, but he has seen fit to plead a total failure of consideration. I charge that, to sustain this plea, he must establish to your satisfaction that the engine was entirely worthless. If you find any evidence before you as to a partial failure of consideration as to this engine, you cannot consider it under this plea of total failure.' To this charge the defendants excepted, and on this exception error is assigned.

The plea in this case is sufficient, under the judiciary act of 1799, which is embraced in our Code; it plainly, fully and distinctly sets forth the defendant's defence to this action, and when applied to the plaintiffs' cause of action, it is a plea of partial failure of consideration. The notes sued on were given for a steam engine, cotton press and gin, and no failure of consideration is alleged in the plea as to the cotton press; as to that plaintiffs can recover for its full value.

2. We are also of the opinion that, strictly under a plea of total failure of consideration, a defendant would be entitled to an abatement of the sum agreed to be paid, if the proof should show that there had been a partial failure of consideration and its extent. This plea of total failure of consideration includes partial failure. *Omne majus continet in se minus.* So this charge of the court was error.

Judgment reversed.