### Hinkle *v.* Burt.

1. The plea being that all the work in controversy was worthless, and the evidence adduced in support of the plea being to that effect and none of it disclosing at what value the work should be estimated if not at the value established by the evidence for the plaintiff, there was no error in not instructing the jury on the subject of partial failure of consideration. Both the plea and the evidence of the defendant manifest that his contention was one of total failure and that alone

2. There was no error in the charge complained of, and the evidence warranted the verdict.                    *Judgment affirmed.*

April 16, 1894.   Argued at the last term.

Complaint on account.   Before Judge Fish.   Sumter superior court.   November term, 1892.

Burt sued Hinkle upon an account for dental work. Hinkle pleaded that the work totally failed and proved worthless, and had to be done over; etc.   Plaintiff obtained a verdict for the amount sued for, and defendant's motion for a new trial was overruled.   The motion contains the grounds, that the verdict was contrary to law and evidence; that the court refused a request to charge the law of partial failure of consideration ; and that the court erred in charging : "If you believe from the evidence that the account sued on is correct, that the work charged for in the several items of the account was done by the plaintiff, and was skillfully done; that it was done by him with such skill and in such a manner as is usually employed by dentists in performing work of that character, and was done in a workmanlike manner; that said account was due and unpaid when the suit was brought, then you would be authorized to find for the plaintiff the whole amount of the account.   If, on the other hand, you should believe from the evidence that the account rendered is not correct; that the work charged for was not done by plaintiff, or was not skillfully done ; that it was not done in such a manner as is

usually employed by dentists in doing that character of work; that it was not done in a workmanlike manner; or that the account was not due and unpaid when the suit was brought, then you would be authorized to find for the defendant."

JAMES DODSON & SON, J. A. ANSLEY and ALLEN FORT, for plaintiff in error. WHEATLEY & FITZGERALD, BLALOCK & HUDSON and J. R. L. SMITH, contra.