OTIS BROTHERS & COMPANY *v.* HOLMES.

109  775
126   19

1. Relatively to the question dealt with by this court in the case of *Atlanta Railway Company* v. *American Car Company*, 103 *Ga.* 254, there is no material difference between an "express promise" to repair defective machinery and "repeated and continuing promises" to do so.    Accordingly the amendment to the defendant's answer was properly allowed.
2. While "a plea of total failure of consideration includes partial failure of consideration," there was in a particular case no error in charging, in effect, that the jury must find for the plaintiff the full amount sued for, or nothing at all, when under the evidence pro and con one or the other of these findings was absolutely required.
3. There was no error in admitting evidence for any reason alleged in the objections made to the same, and the evidence warranted the verdict.

Argued December 11, 1899. — Decided January 31, 1900.

Complaint.    Before Judge Reid.    City court of Atlanta. April 15, 1899.

*Charles A. Read,* for plaintiffs.
*Gray, Brown & Randolph,* for defendant.

Cobb, J. The plaintiffs sued the defendant upon a promissory note for five hundred dollars. The defendant pleaded that he had purchased of plaintiffs an electric elevator for the sum of $2,940; that he had paid all of the amount except the sum represented by the note sued on; that the consideration of the note had totally failed, by reason of the fact that the elevator was so defective and so entirely unsuited for the purpose for which it was intended that it was not worth even the amount already paid on the purchase-price; and that while he knew of the condition of the elevator at the time the note was given, the same was given "upon the repeated and continuing promises" of the plaintiffs to repair the defects in the elevator, which they failed and refused to do. Under this plea there were three issues of fact for determination by the jury: (1) Was the elevator defective as claimed? (2) Was the note given upon the promise of the plaintiffs to repair the defects? (3) Have they complied with that promise? A verdict was returned in favor of the defendant, and to the refusal of the court to grant them a new trial the plaintiffs excepted.

1. The plea alleged that the note was given upon the "repeated and continuing promises" of the plaintiffs to repair the elevator. In the case of *Atlanta Railway Company* v. *American Car Company*, 103 *Ga.* 254, the defendant pleaded, to a suit on a promissory note given for the purchase-price of certain articles of personal property known to be in a defective condition when the note was given, that the same was given "in consideration of an express promise" by the plaintiff to repair the property. It was held that this plea was improperly stricken, and that under such circumstances knowledge of the defects at the time the note was given would not preclude the defendant from setting up the defense that the property was worthless. The objection made to the plea filed in the present case was that it was not sufficiently specific, because the language used was not in terms or in substance the same as that employed in the case just cited. We do not think this contention is well founded. There is no substantial difference between "repeated and continuing promises" to repair a defect in machinery and an "express promise" to do so. The plea was therefore properly

allowed, under the ruling made in the case cited. See also *Blount* v. *Edison Co.*, 106 *Ga.* 197.

2. Complaint is made in the motion for a new trial that the court erred in charging the jury as follows: "You would not be authorized, gentlemen, to allow anything off of the note sued on. You would either find for the plaintiffs the whole amount sued on, or else find for the defendant. There is no plea in this case that the note partially failed, but the plea is that as to this particular note the consideration entirely failed and that they ought not to recover at all." In the case of *Morgan* v. *Printup*, 72 *Ga.* 66, it was held, that "A plea of total failure of consideration includes partial failure of consideration; and, under the former plea, a defendant may obtain an abatement in the sum agreed to be paid, if the evidence shows a partial failure and the extent thereof." See also *Hornsby* v. *Butts*, 85 *Ga.* 694; *Hinkle* v. *Burt*, 94 *Ga.* 506; *Skipper* v. *Johnson*, 21 *Ga.* 310. Under the decisions just cited, the charge of the court above quoted was erroneous if there was any evidence from which the jury might have found that there was a partial failure of consideration and the extent thereof. But there is no such evidence in the record. The defendant contracted to pay $2,940 for an electric elevator of a certain kind and description. He paid all of this sum except the amount sued for. There was evidence that the elevator was worth only $1,500, as well as evidence that certain defects in the same had been remedied by the defendant at an expense of $150. This was the only evidence before the jury from which they could measure the damages of the defendant. Taking the evidence in the most favorable light for the plaintiffs, the jury would have been compelled to find that the elevator was worth only $1,650, and, after having allowed the amount paid out by the defendant for repairs, it would leave $1,500 as the amount due by the defendant. As he had already paid $2,440, it is clear that the consideration of the note sued on had totally failed. There was in the case no question growing out of a partial failure of the consideration of the note sued on. It had totally failed. There was a partial failure of the consideration of the entire contract, and this partial failure was of such extent as to show conclusively that the

consideration of the note sued on had totally failed. The evidence fully authorized a finding that the elevator was defective, that the defendant gave the note sued on upon the promise of the plaintiffs to repair the defects, that they had failed to do so, and that as to the consideration of the note sued on the consideration had wholly failed. On the other hand, the plaintiffs insisted that they had not promised to repair any defects, that the elevator completely met the requirements of their contract, and that the entire amount of the note was due and unpaid. These were the issues upon which the jury were to pass. There was no evidence tending to show a partial failure of the consideration for which the note sued on was given. The evidence of the plaintiffs authorized but one finding, and that was for the full amount of the note, they contending that there were no defects in the elevator and that they had not promised to repair any. The evidence of the defendant, as above shown, authorized a finding that the consideration of the contract had failed to such an extent as, in any event, to amount to a total failure of the consideration of the note sued on. This being so, we think the charge complained of was not erroneous.

3. It is unnecessary to discuss at length the other grounds of the motion for a new trial. They complain of the admission of certain evidence. We think there was no error in admitting this evidence for any of the reasons assigned. The evidence amply warranted the verdict rendered, and there was no error in denying a new trial.

*Judgment affirmed.   All the Justices concurring.*