## John F. Farris and Henry Barger, Defendants in Error, v. Claude Alfred and Ed. Alfred, Plaintiffs in Error.

1. SALES—*when supposed warranty is mere commendation.* On a sale of an automobile sold to a rural mail carrier, a statement that it would give swifter and better service than the horse the carrier was using is only an expression of opinion or belief on which the purchaser may use an independent judgment, and must be regarded as mere commendation and not a warranty.

2. BILLS AND NOTES—*plea of failure of consideration.* A plea in an action on a note given for an automobile purchased by a rural mail carrier, averring that it was warranted to be fit for the purpose of carrying mail over his rural route and that it was wholly unfit for the purpose and at times refused to run, states a mere conclusion and is demurrable; it should aver the particular part wherein the machine was defective or unfit for the purpose for which it was bought.

3. BILLS AND NOTES—*plea of failure of consideration.* In an action on a note a plea of failure of consideration should show in what manner it has failed; the circumstances of the failure should be set out with as much precision as in a declaration.

Error to the County Court of Coles county; the Hon. CHARLES A. SHUEY, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 15, 1912.

JAMES VAUSE, JR., for plaintiffs in error.

J. H. MARSHALL and C. C. LEE, for defendants in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action in *assumpsit* on a promissory note for $825 executed by defendants. The defendants filed a plea of failure of consideration for said note, except as to the sum of three hundred dollars. The plea avers that the note was given for an automobile sold to defendant, Claude Alfred, by the plaintiffs; that Claude Alfred was engaged in delivering United States mail on a rural route and that plaintiffs warranted said automobile "to be fit for the purpose of carrying said United States mail over said rural route," and that said automobile would give swifter and better service than the horse which defendant Claude Alfred was then driving on said route, and that upon the sole consideration of said sale and warranty the defendants made and delivered said note. The plea avers that said automobile was not fit for the purpose of delivering mail over said rural route and would not and did not give swifter and better service than the horse that Claude Alfred was then using, but the same was wholly unfit for said purpose and at times refused to run or go over said route and has so continued, by reason whereof said automobile was not of any greater value than the sum of three hundred dollars, and the consideration for said note has failed, except as to said last mentioned sum. The plaintiffs filed a demurrer to the plea and state, as special causes of demurrer, that the plea is uncertain as to the supposed breach of warranty; that the allegations of the plea are conclusions and that it does not aver that the automobile was defective in any way. The court sustained the demurrer and defendants abiding by their plea, judgment was rendered in favor of plaintiffs.

The only question raised by the defendants is the propriety of the ruling on the demurrer. That part of the supposed warranty, which asserts that the automobile would give swifter and better service than the horse the defendant was using, was only an expression of opinion or belief on which the purchaser had the same opportunity of exercising his judgment that the vendor of the machine had, and must be regarded as mere commendation.

From the plea it is not clear whether the words averred to have been spoken by the vendor constituted a warranty or were merely the expression of an opinion. If the machine was bought by the purchaser to use in carrying mail over a particular route and the vendor, knowing that fact, said it was fit for that purpose and the purchaser had no knowledge of the machine and relied on the statement of the vendor, then there was a warranty. If the machine sold to defendants was unfit for the purpose of carrying mail over that route, either because of defective construction in some particular part or because of want of necessary power, the plea should have averred the particular part wherein the machine was defective or unfit for the purpose for which it was bought. While the plea avers that the machine was not fit for carrying the mail, and negatives the supposed warranty in the words of the warranty, yet that is only a conclusion drawn from facts which should have been pleaded. A plea of failure of consideration should show in what manner it has failed; the circumstances of the failure should be set out with as much precision as in a declaration. Honeyman v. Jarvis, 64 Ill. 366. "The plea must state particularly in what the failure consisted." "General averments are not sufficient." Parks v. Holmes, 22 Ill. 522; Baldwin v. Banks, 20 Ill. 48. Under the plea there was no specific fact averred upon which an issue of fact could be made to submit to a jury. There was no error in sustaining the demurrer. The judgment is affirmed.

*Affirmed.*