*Argued January 25, reversed February 13, rehearing denied March 12, 1918.*

## DITCHBURN v. CAPLES.*

(170 Pac. 728.)

**Appeal and Error—Review—Findings.**

1. Findings of fact by the trial court in a case tried without a jury are conclusive in so far as they are supported by evidence.

> [As to weight in appellate court of finding of judge as to amount of damages, as compared with verdict of jury, see note in Ann. Cas. 1913C, 178.]

**Bills and Notes—Consideration—Defenses.**

2. In an action on notes given for the purchase price of personal property, it is no defense to show that plaintiff did not own some of the property which he represented was included in the purchase, unless the value of such property be shown, the fact that the assets secured by the purchasers were less than the amount which they paid entitling them to no relief, as they might have made an improvident bargain.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Action by John Ditchburn against R. E. Caples and A. B. Caples to recover an alleged balance due on a promissory note. Trial to the court and from a judgment rendered in favor of defendants, plaintiff appealed. Reversed and remanded for a new trial.

---

*On failure of consideration as a defense to action on a purchase price note, see note in 39 L. R. A. (N. S.) 938.        REPORTER.

·Department 2. Statement by MR. JUSTICE MC-CAMANT.

This is an action brought to recover a balance of $150 still unpaid on a note for $400 given by defendants to plaintiff. Defendants admit the execution of the note, but allege fraud and failure of consideration.

The answer avers that the note was executed as a part of the purchase price of a woodyard sold by plaintiff to defendants; that plaintiff represented that the purchase covered some wagons and other personal property which in fact plaintiff did not own; that the representations so made were willfully false and that defendants relied upon them in making their purchase. The price agreed upon was $1,000 and the defendants paid $850 of this amount before this action was brought; $250 of this money was paid by defendants on the note sued on.

The reply denies the affirmative allegations of the answer.

The case was tried by the court without a jury. The findings and judgment were for defendants and plaintiff appeals.

REVERSED AND REMANDED FOR NEW TRIAL.

For appellant there was a brief over the names of *Mr. John Ditchburn* and *Messrs. Mack & Fryer*, with an oral argument by *Mr. Ditchburn, in pro. per.*

For respondents there was a brief over the name of *Messrs. Jenkins & Crawford*, with an oral argument by *Mr. B. B. Crawford.*

MR. JUSTICE MCCAMANT delivered the opinion of the court.

1. The evidence in this case is conflicting. We are bound by the findings of the Circuit Court in so far as

they are supported by any evidence. The court found that plaintiff sold to the defendants ten or twelve wagons, an electric motor, a wood-saw, a conveyor and other personal property which he did not own; that plaintiff's representations that he owned these articles were false and that defendants purchased in reliance on them; also that the personal property so sold to defendants was taken from them by the true owner. In all of these respects the findings are supported by evidence.

2. These findings, however, are insufficient to support a judgment for defendants. If defendants are to recoup against plaintiff their damages arising from plaintiff's failure of title to the wagons and other articles, it is necessary for them to prove the value of this personal property which they lost: *Hornsby* v. *Butts,* 85 Ga. 694 (11 S. E. 846); *Otis* v. *Holmes,* 109 Ga. 775, 777 (35 S. E. 119); *Clegg-Ray Co.* v. *Indiana Scale and Truck Co.,* 125 Ga. 558 (54 S. E. 538); *Krauss* v. *Flournoy,* 7 Ga. App. 322 (66 S. E. 805); *Willis* v. *Bullitt,* 22 Tex. 330; *Baldwin* v. *Banks,* 20 Ill. 48, 51 (71 Am. Dec. 249); *Honeyman* v. *Jarvis,* 64 Ill. 366, 368; *Farris* v. *Alfred,* 171 Ill. App. 172. No such testimony is found in the record and there is no evidence, therefore, to support the court's finding that "there was no consideration for said promissory note."

It satisfactorily appears that the assets which defendants secured were worth less than the amount which they paid plaintiff, but this evidence does not entitle them to relief. They may have made an improvident bargain.

The judgment is reversed and a new trial is ordered.

REVERSED AND REMANDED. REHEARING DENIED.

MR. JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE BENSON concur.