22633. BRANCH *v.* BLACKSHEAR MANUFACTURING COMPANY.
22634. TRUETT *v.* BLACKSHEAR MANUFACTURING COMPANY.

SUTTON, J. 1. Under the ruling in *Blackshear Manufacturing Co.* v. *Perry,* 178 *Ga.* 23 (172 S. E. 24), s. c. ante, 355, where sacks of fertilizers sold in this State are not tagged or branded as required by section 4 of the act of August 24, 1929 (Ga. L. 1929, p. 228), the sale is not void and a note given in payment of the purchase-price thereof is not void and unenforceable, but the purchaser is relegated to the penalty provided in section 9 of said act.

2. Section 2 of the above act of 1929 does not apply to manufacturers of fertilizer, where they have complied with section 1 of said act by registering with the Commissioner of Agriculture of this State the different brands of fertilizer to be sold or offered for sale by them. *Blackshear Mfg. Co.* v. *Perry,* supra.

3. These were suits on notes given for the purchase-price of fertilizer. The court sustained demurrers to the answers of the defendants, striking therefrom the allegations setting up that the notes were void because the sacks of fertilizers sold were not tagged or branded as provided by section 4 of the act of 1929. It was proper to sustain the demurrers to the part of the answers alleging that the notes sued on were void; but the allegations thereof to the effect that the plaintiff had sold to the defendants certain sacks of fertilizer, which were not branded or tagged as provided by section 4 of the act of 1929, were proper allegations, and should not have been stricken. If the defendants proved such allegations to be true, then they would be entitled to a reduction in the purchase-price of the fertilizer of 25 per cent. as a penalty as provided in section 9 of the act. The measure of the damages to defendants is fixed by the law. Recoupment is based upon the old doctrine of failure of consideration and goes to show that the amount claimed by the plaintiff is not due. *Lufburrow* v. *Henderson,* 30 *Ga.* 482. A total failure of consideration includes a partial failure, and under a plea of total failure of consideration a verdict allowing a partial abatement of the purchase-price is permissible. *Morgan* v. *Printup,* 72 *Ga.* 66; *Thomson* v. *Cordele Motor-Car Co.,* 26 *Ga. App.* 139 (105 S. E. 620); Civil Code (1910), § 4250.

4. The error in striking the portions of the answers above referred to ren-

dered nugatory the further proceedings in the cases. *Chastain* v. *Barwick*, 20 *Ga. App.* 740 (93 S. E. 232).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 12, 1934. REHEARING DENIED JANUARY 29, 1934.

*Highsmith & Highsmith,* for plaintiff in error.
*S. F. Memory, Gordon Knox, S. F. Memory Jr.,* contra.