ANDREW J. TOPPER, Appellant, *v.* SAMUEL P. SNOW, Appellee.

APPEAL FROM KNOX.

Where a plea of partial failure of consideration is interposed to an action upon a note, the affirmative rests with the defendant, and if he fails to sustain his plea, judgment will go against him.

ASSUMPSIT on two notes given by Topper to Snow, dated April 3rd, 1854, one for $219, due Oct. 1, 1855, and one for $231, due Oct. 1, 1856.

1st. Plea, general issue.

2nd. Plea, that notes were given for the purchase of land, and sets out contract from Snow to Topper, bearing date April

3, 1854, reciting the said notes; also, the sale of land ; also, that whereas Topper purchased the land for taxes of 1852, in case he should obtain a tax deed on the premises on the 28th June, 1855, or as soon thereafter as could be, the land remaining unredeemed, and he having advertised the same according to law, then Snow was bound to make to Topper a warranty deed of the land ; which plea further averred that the time for the redemption of said land had expired ; that the same had been advertised according to law, and Topper had obtained his deed upon said tax sale, but that plaintiff had not, before the commencement of said suit, made and tendered to the defendant any warranty deed of said land, according to the terms of said contract. The replication denies that the said sale of said land was the consideration of said notes; admits that the tax sale had passed redemption ; that the same had been properly advertised ; that the land had not been redeemed ; that the deed had been properly made on said sale, and that plaintiff did make and tender to defendant a warranty deed of said land before the commencement of this suit.

The cause was tried before the court, THOMPSON, Judge, without jury. On the trial the notes and contract were read in evidence, and *Robert L. Hanneman* testified to a tender of a warranty deed for the land described in the contract, before suit, to L. Douglass, one of defendant's attorneys, and that Douglass admitted the tender was made.

*L. Douglass* testified that he had acted as attorney for defendant, in a previous case between the same parties, and was his attorney in this suit; that before the commencement of this suit, Hanneman tendered to witness the deed referred to ; that witness inspected it and handed it back to him ; that afterwards he saw defendant, and supposed he told the defendant of the tender, but could not say ; that defendant told witness to let them go on and collect the note if they could ; that he was never authorized by defendant to get the deed, or receive it ; that he never intended, in conversation with Hanneman, to say that the tender was a good tender to defendant, but only intended not to dispute the offer of the deed to witness.

Judgment was rendered for plaintiff below.

MANNING & MERRIMAN, for Appellant.

GOUDY & JUDD, for Appellee.

CATON, C. J. This was an action upon several promissory notes. The defendant filed a plea of the general issue, and also a plea of part failure of consideration, setting out a written

contract between the parties, bearing even date with the notes, reciting a conveyance of certain lands by quit-claim deed, and an agreement to give a warranty deed for the same land, in case the grantor should obtain a tax deed. Avers that the notes were given for this land, and that the plaintiff had obtained the tax deed, and had neglected to make the warranty deed, etc. The plaintiff, in his replication, denied that the notes were given for the land, but avers the tender of the warranty deed. The case was tried by the court, who found for the plaintiff, for the amount of the notes, which decision is now assigned for error.

The court was certainly bound to find the issue for the plaintiff. The contract, as set out in the plea, does not show or intimate that the notes were given for the land in the contract and plea mentioned, nor is there a particle of evidence in the case showing for what the notes were given. That contract also has a provision to deduct from the notes, in case the land shall be redeemed from a tax sale to Snow, but makes no reference to the notes in case it is not redeemed, and in that event, it obliges Snow to get a tax deed, and convey, by warranty deed, to the defendant. That part of the contract is perfectly independent of the notes, and that is the part which, in the plea and upon the trial, it was complained had been broken by the non-delivery of the warranty deed. That part of the contract has no connection with the latter part, which provided for a certain reduction on the notes, in case the land should be redeemed, any more than as if they had not been upon the same piece of paper. The plea is based upon that first part, averring that the notes were given for the land, and that the consideration had failed because the deed was not made. The issue was, that the notes were not given for the land, and the affirmative of this issue was on the defendant, and he failed to produce any evidence in support of his plea. There was nothing left for the court to do, but to find the issue against him. Even had the defendant set up a defense under the latter part of the contract, claiming a reduction on the notes, by reason of a redemption of the land from the tax sale, he must have failed in this, for the reason that there was no proof of such redemption, and consequently, no right to claim the reduction.

The judgment must be affirmed.

*Judgment affirmed.*