# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

## NORTHERN GRAND DIVISION.

SEPTEMBER TERM, 1879.

SAMUEL WRAGG *et al.*

*v.*

PENN TOWNSHIP.

1. STATUTE—*repeal by implication.* The repeal of statutes by implication is not favored by the courts, and unless the two statutes can not be reconciled they must be allowed to stand.

2. SAME—*as to penalty for obstructing highway—whether repealed.* Section 58 of chapter 121, Revised Statutes of 1874, entitled "Roads," and which provides for a penalty for obstructing a road, etc., in favor of the town in which the offence is committed, is not repealed by section 221 of the Criminal Code, subsequently enacted, which provides a different punishment for the same offence by indictment, and a party obstructing a public highway may be punished under both statutes.

3. CRIMINAL LAW—*double punishment for same act.* While a man may not be put in jeopardy twice for the same offence, yet when his act constitutes two separate offences, one against the laws of the United States, and the other against the laws of the State, or against the State law and also against an ordinance of a city or town, he may be tried, convicted and punished under both laws, and the legislature may make the same act, as, the obstruction of a highway, punishable as an offence against the town in which the act is committed, and also as an offence against the public generally, by indictment for

a nuisance, and the accused will not be in jeopardy twice for the same offence, but only once for each offence.

4. HIGHWAY—*evidence of dedication.* In order to constitute a dedication of land for a public highway, it is not essential that the intention be evidenced by words, either written or spoken. If the acts of the party indicate an intention to dedicate the land to the public use, it is sufficient, and if the dedication is accepted by the public, as by use and travel, it is complete. It is true the acts may be explained by an agreement or other circumstances rebutting the intent to dedicate, but if the acts are unexplained they will prove a dedication.

5. SAME—*vacated if not opened in five years.* Unless a public highway is opened for its *entire* length within five years from the date of its establishment, it is vacated by operation of the statute, and where there is evidence tending to show that a part of a highway laid out had not been opened within five years, in a suit for obstructing the same the defendant has a right to have the jury instructed that unless they believe from the evidence the entire road was opened within five years after its establishment it was vacated.

6. SAME—*obstructing highway—effect thereof—and right of removal.* Where a highway after its establishment has once been opened for travel, no subsequent obstruction can be considered in determining whether the entire road has been opened within the five years, and such obstruction can be removed, without notice, by the officer or any person whose travel is interrupted by it.

APPEAL from the Circuit Court of Henry county; the Hon. J. W. COCHRAN, Judge, presiding.

Mr. J. E. BUSH, Mr. JOHN E. DECKER, and Mr. C. C. WILSON, for the appellants, insisted that section 58 of chapter 121, Rev. Stat. 1874, was repealed by section 221 of the Criminal Code, passed subsequently, each section making the same act an offence, providing different modes of prosecution and affixing a different punishment.

If two statutes are clearly repugnant to each other the one last enacted operates as a repeal of the other. *Illinois and Michigan Canal* v. *City of Chicago*, 14 Ill. 334.

A statute may be repealed without an express clause for that purpose; and where two statutes are repugnant to each other in their provisions, the latest expression of the will of the legislature must prevail. *Mullin* v. *The People*, 31 Ill. 444.

Again, it is a well known rule of construction that when

our statute changes or imposes a new penalty, it repeals the prior statute on the same subject. *Dingman* v. *The People,* 51. Ill. 278.

Statute penalties are in the nature of punishments, whether enforced by civil or criminal proceedings. *Bowers* v. *Green,* 1 Scam. 42.

Where a public highway is laid out it must be opened for public travel its *entire length* within five years from the date of the order laying out the same, or it is vacated by operation of law. *Green et al.* v. *Green,* 34 Ill. 320; Rev. Stat 1874, p. 932.

Mr. MILES A. FULLER, for the appellee:

Repeals by implication are never favored, and only take place where the two acts are so repugnant that both can not exist together, and when a reasonable construction can be given by which both acts may stand, that construction will be adopted. *City of Chicago* v. *Quimby,* 38 Ill. 274; *Humes* v. *Gossett,* 43 id. 297; *The People* v. *Barr,* 44 id. 198; *Perteet* v. *The People,* 65 ·id. 230; *Harding* v. *Rockford, Rock Island and St. Louis Railroad Co.* 65 id. 90; *Rawson* v. *Rawson,* 52 id. 62.

There is no repugnancy between the two acts. In the first case the legislature, in providing for the location and maintenance of highways and bridges, provides a civil remedy in favor of the town against obstructing or continuing an obstruction upon a highway. In the next they are legislating upon crimes, an entirely different subject, and provide that obstructing a highway may be punished criminally by indictment for a public nuisance. It is only cumulative—not repugnant.

While it is true that no man can be punished or put in jeopardy twice for the same offence, yet it is equally true that a single act may and often does constitute more than one offence, for which the party may be tried and convicted upon separate indictments or complaints. *Freeland* v. *The People,*

14 WRAGG *et al. v.* PENN TOWNSHIP. [Sept. T.

Opinion of the Court.

16 Ill. 380; *Sevirin* v. *The People,* 37 id. 415; *Gardner* v. *The People,* 20 id. 430.

A temporary deviation from the line of a road to avoid an obstruction (as the pond in this case) will not change the road itself, even where the right to a highway is claimed by prescription. *Gentleman* v. *Soule,* 32 Ill. 271.

An obstruction, such as a gate or bars, may be permitted to remain across a road without vacating it, if no one is hindered passing through. *Wiley* v. *Town of Brimfield,* 59 Ill. 356.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This action was originally brought before a justice of the peace, by the Town of Penn, in Stark county, against Samuel Wragg and Edwin Holmes, to recover a penalty for the obstruction of a public highway, and was taken by appeal to the circuit court of that county.

Judgment was rendered by the court against the defendants, to reverse which an appeal was taken to this court.

The penalty is sought to be recovered under section 58, chapter 121, Revised Statutes of 1874, which is as follows:

"If any person shall injure or obstruct a public road by felling a tree or trees in, upon or across the same, or by placing or leaving any other obstruction thereon, or by encroaching upon the same with any fence, or by plowing or digging any ditch or other opening thereon, or by turning a current of water so as to saturate or wash the same, or shall leave the cuttings of any hedge thereon for more than five days, shall forfeit for every such offence a sum not less than $3 nor more than $10; and in case of placing any obstruction on the highway, an additional sum of not exceeding $3 per day for every day he shall suffer such obstruction to remain after he has been ordered to remove the same by any of the commissioners of highways, complaint to be made by any person feeling himself aggrieved: *Provided,* this section shall not apply to any person who shall lawfully fell any tree for use and will immediately remove the same out of the road,

nor to any person through whose land a public road may pass who shall desire to drain his land and shall give due notice to the commissioners of such intention : *And, provided further,* that any commissioners or overseers of highways, after having given reasonable notice (to the owners) of the obstruction, or person so obstructing or plowing or digging ditches upon such road, may remove any such fence or other obstruction, fill up any such ditch or excavation, and recover the necessary cost of such removal from such owner or other person obstructing such road aforesaid, to be collected by said commissioners before any justice of the peace having jurisdiction."

Section 60 of the same chapter provides that the suit shall be in the name of the town in which the offence is committed, and section 61 of the same chapter provides that all fines recovered shall be paid to the commissioners of highways of the town, to be expended upon the roads and bridges in the town.

It appears from the record that the road or public highway in question was established by the commissioners of highways of the town of Penn on June 4th, 1866 ; that the road as thus established covered certain parts of the lands of each of the appellants ; that near the land of the appellant Wragg a pond or slough was situated in the road, which was impassable, except when the pond was frozen in winter or dried up in a dry season ; and that at other times persons going along on the road were compelled to leave the line of the road and make a circuit of about twenty rods on the land of another party in order to get around the pond and back again on the road.

It further appears that the appellant Holmes, at the time the road was established, had a fence across the line of the road at the south line of his land, which was supplied with bars, through which persons traveling along the road passed. This fence was not removed immediately after the establishment of the highway, but, according to the testimony of the majority of the witnesses testifying to that point, was re-

moved before 1869, but not by the commissioners of highways. No fence was erected in its place until about the 20th of September, 1876, when a four-board fence was erected by the appellants at that point across the entire width of the road, with the avowed purpose on their part of obstructing the road and preventing the use thereof.

It further appears, that in 1869 the appellant Wragg built two fences on his land down to and upon and across the road, which remained there until May 29, 1871, when they were removed by the commissioners of highways after having given him more than sixty days' notice to remove the same.

While these fences were standing travel was impeded but not wholly prevented on the road, for persons wishing to pass went around the fences on the land of another party and regained the road beyond. When the fences were removed there was no obstruction to travel for the entire length of the road as established by the commissioners of highways, except the inconvenience of getting around the pond near Wragg's land; and the road had been used for travel before his fences were erected in 1869.

It further appears that the appellants, after the road was established in 1866, set back their hedges along the road so as to conform to the line of the road as established.

On October 23, 1876, notices in writing were served on appellants by the commissioners of highways to remove the obstruction which they had erected in the highway at the south line of Holmes' land, which they refused to do. The evidence shows that the fence is still standing. Summons was issued on Nov. 3, 1876.

The appellants contend that section 58 of chapter 121, under which the suit is brought, has been repealed by section 221 of the Criminal Code (chapter 38, Rev. Stat. of 1874), which was subsequently enacted, and which provides that it is a public nuisance to obstruct or encroach upon public highways, private ways, streets, alleys, commons, landing places and ways to burying places. Section 222 of the same chapter

provides, that "whoever causes, erects or continues any such nuisance shall, for the first offence, be fined not exceeding $100, and for a subsequent offence shall be fined in a like amount and confined in the county jail not exceeding three months. Every such nuisance, when a conviction therefor is had in a court of record, may, by order of the court before which the conviction is had, be abated by the sheriff or other proper officer, at the expense of the defendant; and it shall be no defence to any proceeding under this section that the nuisance is erected or continued by virtue or permission of any law of this State."

The act of obstructing a highway is declared by the Criminal Code to be a nuisance punishable by indictment, and the same act, under section 58 of chapter 121, is made punishable by suit in the name of the town to recover a penalty. The two statutes apply to the same act, and affix different penalties, and provide different modes of procedure for the punishment of their violation.

The appellants contend that inasmuch as the act prohibited in each statute is the same, the offence is single, and only one penalty or punishment can be attached to one offence. And that the act declaring the obstructing of a highway a nuisance punishable by indictment having been enacted after the one which made the obstructing of a highway punishable by suit to recover a penalty, the former law has been repealed by implication as being repugnant to and inconsistent with the last expression of the law-making power.

Repeals by implication are not favored by the courts, and unless the two statutes can not be reconciled they must be allowed to stand.

The question presented for decision is not free from difficulty. The theory of appellants' counsel is, that a criminal act is necessarily but one offence and may be punished in one way only, and that the party can not twice be put in jeopardy for the same act. But this is clearly not the law.

In the case of *Fox* v. *State of Ohio*, 5 How. 432, the Supreme

2—94 ILL.

Court of the United States held, that passing a counterfeit coin which was punishable under Federal law, might also be punished by the State as a crime; that the same act was an offense against the Federal government and against the State government, and that the State law prescribing a punishment for the crime was not repugnant to the constitution, and that although the party might be convicted for violating both statutes, still he would not be twice put in jeopardy for the same offence.

Mr. Justice McLEAN, in delivering a dissenting opinion, used the following language: "Nothing can be more repugnant or contradictory than two punishments for the same act. It would be a mockery of justice and a reproach to civilization." But he stood alone in his dissent from the opinion of the court. The doctrine was afterwards held sound in the case of *Moore* v. *The People of the State of Illinois*, 14 How. 13.

In delivering the opinion in this last mentioned case, Mr. Justice GRIER says: "An offence, in its legal signification, means the transgression of a law. A man may be compelled to make reparation in damages to the injured party and be liable also to punishment for a breach of the peace in consequence of the same act, and may be said, in common parlance, to be twice punished for the same offence. Every citizen of the United States is also a citizen of a State or Territory. He may be said to owe allegiance to two sovereigns, and may be liable to punishment for an infraction of the laws of both. That either or both may, if they see fit, punish such an offender can not be doubted. Yet it can not be truly averred that the offender has been twice punished for the same offence, but only that by one act he has committed two offences, for each of which he is justly punishable. He could not plead the punishment by one in bar to a conviction by the other." And this is the settled law as laid down by the Supreme Court of the United States.

The rule prevails where the act is punished in two or more ways by the same sovereign. An assault committed in the

presence of a court may be punished in two ways,—first, for contempt of the court, and again in a criminal prosecution for the assault.

In *Freeland* v. *The People*, 16 Ill. 383, this court say : " It is not enough that the act is the same, for by the same act the party may commit several offences in law. In the same act of feloneously taking a quantity of goods, the party may, in law, be guilty of as many crimes as there are separate owners of the goods stolen, and may be punished as for so many distinct larcenies."

In *Gardner* v. *The People*, 20 Ill. 434, this court say : " An act may at the same time be an offence against the United States government and also against a State government. The same act may also constitute several crimes or misdemeanors, and the trial and punishment for one will be no bar to a prosecution of another growing out of the same act."

The question in this State has frequently arisen in prosecutions under the ordinances of cities and under the general criminal law of the State, both of which, in some instances, prohibit and punish the same act. The general law and the ordinance are, in effect, both acts of the legislature. City ordinances passed under the delegated power conferred in the city charter have the force, as to persons bound thereby, of laws passed by the legislature of the State.

" A city council is a miniature general assembly, and their authorized ordinances have the force of laws passed by the legislature of the State." *Taylor* v. *Carondelet*, 22 Mo. 105.

The legislative power of cities is but a part of the legislative power of the State, and whatever law the legislature may enact through the intervention or agency of a municipal corporation, it can enact by itself without such intervention. The legislature can not authorize a city to declare an act a crime which the legislature is prohibited from declaring a crime. And if the legislature has power to make an act punishable in one way under the general laws of the State, and the same act also punishable in a different way under the

authorized ordinances of a municipal corporation, the legislature may, if such is its intent, make the same act punishable in different ways under general laws of the State.

There does not appear to be any prohibition on the power of the legislature to declare that the commission of a particular act shall constitute two or more offences, each of a different grade of criminality and punishable in a different manner.

The question most frequently raised is, whether the legislature intended to make an act a double offence, and not as to the existence of the power.

Cooley on Constitutional Limitations, 199, avers that the same act may constitute an offence both against the State and the municipal corporation, and both may punish it without violation of any constitutional principle. Grant on Corporations, 82, states that the same rule prevails in England.

Bishop on Statutory Crimes, book 1, chapter 2, section 23, lays down the rule thus: "If the statute so authorizes, it is not apparent why a city corporation may not impose a special penalty for an act done against it, while the State imposes also a penalty for the same act done against the State."

The decisions on this subject by the courts of the several States are apparently in hopeless conflict with each other. Dillon on Municipal Corporations, section 301, says: "Hence the same act comes to be forbidden by general statute and by the ordinance of a municipal corporation, each providing a separate and different punishment.   *   *   *   But can the same act be twice punished,—once under the ordinance and once under the statute?   The cases on this subject can not be reconciled.   Some hold that the same act may be a double offence, one against the State and one against the corporation. Others regard the same act as constituting a single offence, and hold that it can be punished but once, and may be thus punished by whichever party first acquires jurisdiction."

In Georgia and Louisiana it is held that a municipal corporation has no power to enact an ordinance touching an

offence punishable under the general law of the State. 21 Georgia, 80.

In 3 Kansas, 141, *Rice* v. *The State*, the court say : " It is not necessary in this case to decide whether both the State and the city can punish for the same act; but we have no doubt that the one which shall first obtain jurisdiction of the person of the accused may punish to the extent of its power."

In Missouri the rule is clearly announced that the same act can be punished but once, and that a conviction under a city ordinance may be pleaded in bar to an indictment under the State law. *The State* v. *Cowan*, 29 Mo. 330.

In Alabama the rule is the other way, and it is held that the same act may be punished under a city ordinance, and at the same time under the general law. 14 Ala. 400.

In Indiana the rule used to be the same as it is now in Missouri, but in *Ambrose* v. *The State*, 6 Ind. 351, it was modified, and the court there held that a single act might constitute two offences, one against the State and one against the municipal government. And in *Waldo* v. *Wallace*, 12 Ind. 582, it was held " that each might punish in its own mode by its own officers the same act as an offence against each."

In Illinois this court, in the case of *Bennett* v. *The People*, 30 Ill. 389, held that the legislature might grant to a municipal corporation the exclusive authority of regulating the sale of liquor within its limits, and that where such municipality had exercised such authority by passing restraining and regulating ordinances, a person could not be convicted under an indictment for violating the State law on that subject, but was amenable only to the ordinances.

The case of *Gardner* v. *The People*, 20 Ill. 430, was an indictment under the State law, for selling liquor without a license, and it was argued that because the legislature had conferred upon the city of Monmouth power to license, regulate and prohibit the sale of liquors in the city limits, the State law on that subject was repealed by implication. But the court held that the power conferred upon the city was not

exclusive, and that the legislature did not, by merely giving the city the right to act, repeal the general law of the State on the subject; and the court expressly declined to decide whether the law and the ordinance could both be enforced by a punishment under each.

In the case of *Berry* v. *The People*, 36 Ill. 423, this court went farther, and held that where the charter of the city of Belleville conferred authority, but not exclusive authority, on the city to suppress and restrain gambling, the city ordinance passed on that subject and the State law were concurrent, and that a judgment recovered under the ordinance would bar a recovery by the State for the same cause.

But later, in the case of *Fant* v. *The People*, 45 Ill. 259, the court recedes from the position assumed in *Berry* v. *The People*, and expressly declines to decide that the jurisdiction is concurrent, and whether both the ordinance and the State law can be enforced together: "Even if the jurisdiction should be held to be concurrent, and that the exercise of the power by the city was cumulative, the State first acquired jurisdiction, and there being no pretence that plaintiff in error had been proceeded against under the city ordinance, it can therefore be no defence that he had been liable to prosecution under the ordinances. Had he been convicted under the ordinance for this offence, then a very different question would have been presented. But that question is not now before us for determination, and we deem it unnecessary to discuss it."

The court, in that case, left the question in about the attitude in which it was placed by *Gardner* v. *The People*, 20 Ill. 434, and it can not be said that the law is settled by this court, for the fair construction of the opinion in *Fant* v. *The People* is, that a city ordinance on the same subject as a general law, both imposing penalties for the same act, neither repeals the law nor is it repugnant thereto; but that the ordinance and the law are either separate provisions, (both capable of being enforced,) or concurrent remedies, (only one of which may be

enforced,) and the court fails to determine whether they are separate or concurrent.

We think there is no doubt but that it is within the power of the legislature to create two or more offences which may be committed by a single act, each of which is punishable by itself. A conviction or acquittal in such case under either statute would be no bar to a conviction under the other, for the accused would not be twice in jeopardy for one offence, but only once in jeopardy for each offence.

Assuming the power of the legislature to be as above stated, in what light do the two sections under consideration stand to each other? Section 58, chapter 121, Revised Statutes of 1874, was intended to furnish to every town of the State a remedy for obstructing the highways in the town. It is a matter of importance to the town to have its highways free from obstructions, and a damage to it and its inhabitants in case its highways are obstructed, entailing upon the town expense and inconvenience. But the town and its inhabitants are not alone interested in its highways: the people of the State are also interested in the highways, although that interest is not of a directly pecuniary character.

Can it be said that the legislature may not protect the rights of the public in the highways of the State, by punishing infringements of those rights by individuals, without repealing the remedy for the injury sustained by the town in which the act is committed? The laws, as they stand, give to the town a right of action to recover by suit a penalty or fine in the nature of compensation for an obstruction of a highway in the town,—the penalty, when collected, to be expended upon the roads and bridges in the town where the offence was committed; and for an obstruction of a highway an indictment for a nuisance may be had to punish the injury to the State and the public at large, by fine for the first offence, and for a subsequent offence by fine and imprisonment. The two laws are passed, in fact, upon different subjects and distinct injuries,—one is intended to deal with the consequences of the

act upon the town, and the other with the consequences of the same act upon the State. The injury is double, and the punishment may be double. There is no repugnance or inconsistency between the two provisions, and, in our opinion, both may stand and be enforced independently and without interference with each other.

For the reasons above stated, we hold the action was properly brought under section 58 of chapter 121, Rev. Stat. of 1874, and that the motion to dismiss for want of jurisdiction was properly denied.

The exceptions to the rulings of the court in giving, refusing and modifying instructions to the jury, are not important except in two instances, which counsel for appellants lay especial stress upon,—the fifth instruction given at the request of the appellee, and the modification of the first instruction asked by the appellants.

Appellee's fifth instruction is as follows:

" The jury are instructed that highways may be acquired by dedication. And in this case, if the jury believe, from the evidence, that after the highway in controversy was located, defendants set their hedges back, leaving room for the highway, and removed their fence from said highway and permitted the public to use the same for a highway, these facts, if proven, may be considered by the jury in determining whether the defendants had dedicated this land to the public for a highway."

Counsel for appellants claim that there were no facts in evidence to warrant such instruction, and that in order to constitute a dedication the evidence must show that the appellants, by some act or word, intended to make the dedication to the public.

The evidence warrants the instruction, for it shows that after the highway was established, the appellant Holmes removed his fence from the road and that he and Wragg set back their hedges to conform to the lines of the road as estab-

lished, and that the road was used by the public as a highway
with the knowledge of the appellants. The appellants, at-
tempting an explanation of these acts on their part, testify
that the hedges were set back in anticipation that a road might
be opened at that place at some time in the future.

In order to constitute a dedication it is not essential that
the intention be evidenced by words either written or spoken.
If the acts of the party indicate an intention to dedicate the
land to the public use, it is sufficient, and if the dedication is
accepted by the public, as by use and travel, it is complete.

It is true such acts may be done without the intention to
dedicate ; and the mere acting so as to lead persons to the sup-
position that the way is dedicated, will not amount to a dedi-
cation if there be any agreement or any other circumstance
which explains the transaction ; but otherwise, if unexplained.
*Marcy* v. *Taylor*, 19 Ill. 636.

The instruction is substantially correct and presented the
law fairly to the jury.

The modification of the first instruction asked by appel-
lants, and to which they excepted, is as follows :

" The jury are instructed, that unless they believe from the
evidence that the road in question was open to the public for
travel *the entire length of the same* within five years after the
same was laid out and established, then said road is vacated
and is not a public highway and can not be opened by the
officers of said town of Penn after the expiration of said five
years." The court modified the instruction by striking out
the words " the entire length of the same," and gave the
instruction thus modified.

The case of *Green et al.* v. *Green*, 34 Ill. 320, holds, that
unless a public highway is opened *for its entire length* within
five years from the date of its establishment, it is vacated by
operation of the statute. The evidence, by a preponderance
thereof, seems to show that the road was in fact opened and
traveled for its entire length within five years from the date
of its establishment, June 4, 1866 ; but there is conflicting

testimony on the point. Part of the evidence tends to show that at the point of obstruction complained of this road had never been opened to the public by the commissioners. The appellants were clearly entitled to have the law correctly given to the jury in the instructions. The instructions given by the court nowhere state the rule as laid down in *Green et al.* v. *Green, supra,* and for this reason the modification made by the court in the appellants' first instruction was error, which entitles appellants to a new trial.

But the fences which appellant Wragg erected across the road in 1869, three years after the road was established, are not to be regarded in the same light as though they had existed at the time the road was established by the commissioners of highways. The opening of a highway for travel, under the statute, is accomplished by removing obstructions existing at the time the highway is established, and it is not essential to the opening of a highway that unlawful obstructions subsequently erected thereon should be removed. Wragg was not entitled to sixty days' notice to remove the fences built in 1869. They were subject to removal as an encroachment on or obstruction of a highway, at any time, by any person whose travel was interrupted by them. *Marcy* v. *Taylor,* 19 Ill. 635.

The judgment is reversed, and the cause remanded for a new trial.

*Judgment reversed.*