## IRA METTLER
### v.
### THE PEOPLE OF THE STATE OF ILLINOIS.

*Criminal Law—Cutting Trees—Indictment—Evidence.*

1. An indictment for cutting trees on the land of another under Sec. 325 of the Criminal Code, which charges the offense in the language of the statute, is sufficiently specific without describing the land, and containing the words " then and there."

2. On indictment for cutting trees on land belonging to a corporation which could only give consent to such cutting by resolution passed at a meeting of its officers, evidence of the verbal consent of some of the officers is inadmissible. .

3. On indictment for an act prohibited by statute, defendant's testimony as to his motive in committing the act is properly rejected.

4. Sec. 1, Laws 1885, relating to cemeteries and making it a crime to cut trees therein, does not, by implication, repeal Sec. 325 of the Criminal Code, in so far as it also provides a punishment for such an act.

[Opinion filed May 28, 1890.]

IN ERROR to the Circuit Court of Ogle County; the Hon. JAMES H. CARTWRIGHT, Judge, presiding.

Mettler v. The People.

Messrs. O'BRIEN & O'BRIEN, for plaintiff in error.

Messrs. D. W. BAXTER, State's Attorney, and M. D. HATHA-WAY, for defendants in error.

*Per Curiam.*  This is a prosecution under Section 325 of the Criminal Code, which makes it an offense for any person, without color of title made in good faith, who shall knowingly and wilfully cut, box, fell, bore or destroy any tree or sapling standing or growing upon the land of another, without the consent of the owner, or, if the land belongs to the State school land, canal land, or belongs to any association or corporation, without the consent of the proper authorities or persons having legal charge thereof, shall be fined not less than three dollars nor more than $200.

The indictment was drawn under this section and the appellant tried and found guilty and fined $100.

He was charged in the trial court, in the count upon which he was found guilty, in the language of the statute, of cutting, felling and destroying ten oak trees thus standing on the ground of the Dement Cemetery Company Association, organized under the laws of Illinois for lawful purposes, without the consent of the lawful authorities of the said Dement Cemetery Association, and without the consent of the person having the legal charge thereof.

It is claimed that the indictment is not specific enough in not describing the land and in not containing the words, " then and there," but we think the indictment, being in the language of the statute and according to the approved precedents, is good.

It is objected the court improperly allowed appellant to show that he had conversations with two of the trustees, and that they gave him verbal authority to cut the trees.

This would not have been competent; such authority could not have been given except by a legal resolution passed at some meeting of the officers.

The offer to prove that the cutting of the trees was of advantage and that they were not ornamental, was properly refused.  Appellant had advantage of showing what the offi-

cers said to him about cutting the trees in the evidence as given.

His testimony as to his motive was properly rejected.

The criminal intent is inferred from the doing the act prohibited by the statute, no matter what his actual motives were, provided it was not justified under the statute and the act was done knowing it was in the cemetery ground.

It is insisted that the statute under which this prosecution was had was repealed by implication by the laws of 1885, Sec. 1, regarding cemeteries. We think not. This act provides for the punishment of a large variety of acts, which it makes a crime, among which is the cutting of trees, but does not repeal by express words the old statute.

Under the old statute it can not be doubted that the act here complained of would have constituted a crime and we think the new act did not repeal it. Repeals of former statutes by implication is not favored. Butz v. Kerr, 123 Ill. 659.

Two acts may prescribe different punishments for the same act. Wragg v. Penn Tp., 94 Ill. 11.

The record, as amended, shows that the grand jurors named in the record were properly selected and sworn on the first day of the August term, 1889. We think the record is quite free from error and the conviction just. The plaintiff in error being one of the board of the cemetery association, without any authority from the board, wilfully cut from the cemetery ground certain shade trees for the purpose of procuring wood for his own use, regardless of the wishes of the board.

We can scarcely conceive of a more reprehensible act, and the defendant, plaintiff in error, justly merited all the punishment he received.

The indictment is good even under the act of 1885, rejecting as surplusage so much as was necessary to make it good under the old act and the punishment is consistent with the act of 1885.

There being no error in the record, the judgment of the Circuit Court is affirmed.

*Judgment affirmed.*