HORACE R. KIPP

*v.*

MARTIN BELL.

86 577
83a 684

86 577
106a ²410

1. AMENDMENT — *pleadings.* There is no error in allowing a plaintiff to amend his declaration.

2. PLEADING — *special demurrer — statement of cause.* A demurrer to a plea which states the ground of demurrer to be "that the plea is double, and alleges two grounds of defense," is not a sufficient specification of duplicity, and can not be considered. It should state in what the duplicity consists.

3. SAME — *plea — whether double.* In a suit by a creditor of a private corporation against a stockholder, under the act of 1857, a plea that at the time the indebtedness accrued the defendant had paid all the capital stock he had subscribed for, and that he had paid to the creditors of said company an amount of money equal to the amount of stock held by him, is not bad as presenting two grounds of defense. Such plea need not state the names of the creditors to whom the money was paid.

4. SAME — *generally.* The rule requiring certainty in pleadings as to time, place, numbers, persons, etc., is subject to many exceptions, and in modern practice is not enforced, except where such certainty becomes material and essential to a right of recovery or defense, or its want would give one party an improper advantage over the other.

5. CORPORATION — *liability of stockholder to creditor.* Payment in full of the stock subscribed by a stockholder in a private corporation, organized under the act of 1857, will not discharge him from liability to creditors of the corporation. To make it have that effect it must be shown that all other shareholders have done the same thing, and a certificate of the fact has been filed in the clerk's office, as required in the 10th section of the act.

6. Where a stockholder has paid the corporation in full for his stock, and has also paid a like sum to the creditors of the company, he will be discharged from all liability for debts of the corporation contracted thereafter.

WRIT OF ERROR to the Circuit Court of Woodford County; the Hon. JOHN BURNS, Judge, presiding.

Messrs. BARNES & MUIR, for the plaintiff in error.

Messrs. FORT & FEILITZSCH and Mr. MARTIN L. NEWELL, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a suit brought to recover by plaintiff below a demand of defendant below, as a stockholder of the Minonk Coal Company, under the 9th and 10th sections of the act of 1857, authorizing the organization of such bodies. The declaration contained several counts, to which a large number of pleas were filed, and the court sustained a demurrer to all but the first and eleventh, and a trial was had resulting in a judgment in favor of plaintiff, and defendant brings the record to this court on error, and urges a reversal on various grounds.

It is first urged that the court erred in permitting defendant in error to amend his declaration. It is only necessary to say this is authorized by our practice act.

It is next urged that the court erred in sustaining the demurrer to defendant's third plea. It avers in substance that at the time the indebtedness accrued the plaintiff in error had fully paid all the capital stock he subscribed for, and that he had paid to the creditors of said company an amount of money equal to the amount of stock held by him. The grounds of demurrer specified as reasons therefor "that the plea is double and alleges two grounds of defense, and that it does not state the names of the creditors to whom the money was paid."

Chitty, in his work on Pleading, volume 1, page 706, says that it is not sufficient, in specifying grounds, to say the pleading is double or wants form, but it should show in what the duplicity consists, and that after the passing of the statute of Elizabeth (27, ch. 5) a rule was made "that upon demurrers, the causes shall be specially assigned, and not involved in general unapplied expressions, of 'double,'

'negative pregnant,' 'uncertainty,' 'want of form,' and the like, but shall show wherein, in order that the other party may, as the cause shall require, either join in demurrer or amend, or discontinue his action." According to this authority the demurrer did not point out in what the duplicity was supposed to consist, and was, therefore, under the rule, not a sufficient special ground of demurrer.

Nor does the plea set up two grounds of defense. It avers, first, that at the time the indebtedness sued on accrued he had paid for all the stock for which he had subscribed. But to have rendered this a defense it should have appeared that all other shareholders had done so, and a certificate of the fact had been made and filed in the clerk's office, as provided in the 10th section of the act. This, then, was but a part of the facts constituting a defense. When he had paid the corporation in full for his stock, and had, also, paid a like sum to the creditors of the company, before this indebtedness accrued, that, under any construction that can be given to the act, discharged him from all liability.

The rule that pleadings must be certain as to numbers, dates, amounts, persons, etc., is subject to many exceptions,— in fact, its limits are not very well defined. In an action of *assumpsit* for money had and received, or money paid, laid out, and expended, it is not usual to aver to whom it was paid, or of whom it was received, nor do the precedents require it. Nor does a count for goods sold and delivered describe the goods; so of a plea of set-off, and the same may be said of many declarations and pleas. In 1 Ventris, 38, in an anonymous case, in a suit on the covenants in a lease, the plea averred that the premises had been repaired, without stating by whom, and still the plea was held good; and this was at a time when more nicety and exactness was required in pleadings than at the present day.

The rule requiring· an averment of time, place, number, persons, and such matters, was intended to prevent surprise

to the opposite party. And whilst the rule requires them to be stated, still, on the trial in most cases, strict proof is not required. In modern practice the criterion seems to be only to require such particularity where dates, numbers, etc., are material and essential to the right of recovery or defense, or where by a general averment it can be seen that the party pleading would obtain an improper advantage of the other party. And where particularity would lead to prolixity it is dispensed with, and a general form is allowed. We can not perceive in what manner plaintiff in error could have obtained an advantage by this general form of averment, or that there was any necessity for naming the persons to whom the payments were made. At the same time we regard it as strange that defendant did not amend, and thus avoid protracted litigation and unnecessary expense. It would have been to the public interest as well as that of the parties to the litigation, and omitting to do so has, so far as we can see, been productive of no good.

Inasmuch as the case will have to be submitted to another jury, we refrain from all discussion of the evidence; but for the error in sustaining the demurrer to the third of defendant's pleas the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*