## ORIN HOYT'S ADM'R *v.* EDWIN HOYT AND OTHERS.

### [In Chancery.]

#### *Pleading. Answer. Plea. Party Insane.*

Objection to the capacity of a party to sue, as that he is insane, must be made by plea and not by answer.

PETITION to foreclose a mortgage. Heard on petition, answer, replication, and master's report, June Term, 1884, VEAZEY, Chancellor. Decree *pro forma* for the petitioner. The case is stated in the opinion.

*E. R. Hard,* for the petitioner.

If the plaintiff's imbecility could be made available as a defence under any circumstances, it could be only by special

plea.  1 Dan. Ch. 84; Story Eq. Pl. ss. 722, 725; *Collard* v. *Crane*, Brayt. 18; *Livingston* v. *Story*, 11 Pet. 351, 393; (36 U. S. bk. 9, L. ed. 746, 763).

*Henry S. Foote* and *F. E. Woodbridge*, for the defendants.

The insanity of the petitioner may be set up in the answer as a defence.  1 Dan. Ch. 3, 83; Heard Eq. Pl. 9, 101; *Wade* v. *Pulsifer*, 54 Vt. 45; 2 Vt. 339; 34 Vt. 256; Adams Eq. 621; Story Eq. Pl. 61, 261; *Coppell* v. *Hall*, 7 Wall. 542 (74 U. S. bk. 19, L. ed. 244); 23 Wall. 466 (90 U. S. bk. 23, L. ed. 70); *Squires* v. *Squires*, 53 Vt. 208.

The opinion of the court was delivered by

ROYCE, Ch. J.  This was a petition in the ordinary form to foreclose a mortgage.  The petition was taken as confessed by all of the defendants except Edwin Hoyt.  After his answer was filed, it was referred to a master, who found and reported the amount due, for which a decree was entered.  No exception or motion to recommit the report was filed; so that the case stands for hearing upon the bill, answer, and report.

It is found, that the mortgage sought to be foreclosed was executed on the 6th day of October, 1876, and that the mortgagee, Orin Hoyt, became insane and an imbecile in 1878, and has so continued ever since; that since the commencement of this suit (but just when does not appear) Daniel C. Smith, who now appears as the administrator of Orin Hoyt, was appointed as his guardian.

The mortgage and the notes secured thereby were given by Julius Hoyt, who has since deceased, and Daniel C. Smith was appointed his administrator and was made a party defendant in this suit.  It is not stated in the answer, or found by the master, when he was appointed, or whether he had been discharged before he was appointed administrator of Orin Hoyt.  The only allusion that is made to the

relation that Smith sustains to the suit is found in the allegation in the answer that he is informed and believes that he has been appointed administrator of Julius Hoyt. The title to the land which constituted the consideration for the notes and mortgage so executed by Julius Hoyt has vested in the defendant, Edwin Hoyt.

The fact of Orin Hoyt's insanity and imbecility was first brought to the attention of the court by the allegation in the answer that the said Orin Hoyt is and was at the time of filing this bill of complaint, and for a long time previous thereto has been, a person of unsound mind and entirely incompetent to consent to the commencement of this action, and entirely incompetent to the transaction of any business.

It is claimed by the orator that the only way in which the question of the competency of the orator to commence the suit could be made was by plea.

Objections to the competency of a party to maintain a suit are in the nature of pleas in abatement of the process — Mitf. Eq. Pl. 184; and, viewed in that light, it is obvious that the objection should be presented as a preliminary question, so that it may be disposed of before the parties are put to expense in further litigation.

If it appear upon the face of the bill that the orator is incapable of instituting the suit, the defendant may demur; but if the incapacity does not so appear, the defendant must take advantage of it by plea. 1 Dan. Ch. 52, 84; Story Eq. Pl. s. 725. In *Wade* v. *Pulsifer*, 54 Vt. 45, it was held that the objection of multifariousness must be taken by demurrer, and could not be made by answer. The objection to the competency of the orator should have been made by plea and before answer; and not having been so made, it cannot now be considered.

This holding renders it unnecessary to decide whether the objection would have been fatal if it had been properly made, or not.

The decree is affirmed, and cause remanded.