HEDLUND v. DEWEY.

(Circuit Court, N. D. Illinois, N. D.   October 29, 1900.)

No. 25,142.

BANKS—STOCKHOLDER'S LIABILITY — TRANSFER OF STOCK—EQUITY—ADEQUATE REMEDY AT LAW.

In an action in equity to cancel a transfer of stock as fraudulently made by defendant to avoid a stockholder's liability, and for a decree against defendant for an assessment on the stock, a demurrer to the bill because plaintiff had an adequate remedy at law by ignoring the transfer and suing defendant as actual owner will be overruled, since the plaintiff is entitled to the relief prayed for, which could not be had at law, though such relief be only a technical advantage to plaintiff.

Prussing & McCulloch, for complainant.
Wilson, Moore & McIlvaine, for defendant.

KOHLSAAT, District Judge. . This is a suit in equity, brought by the receiver of a national bank against a former stockholder of said bank to recover unpaid stock liability upon the ground that the transfer by defendant of said stock prior to the receivership was fraudulently made for the purpose of avoiding such stock liability. The prayer of the bill asks a cancellation of said transfer, an entry of said stock upon the books of the bank in the name of defendant, and a money decree against defendant for the amount of the assessment against said stock. Defendant demurs on the ground that, inasmuch as said receiver can ignore the fraudulent transfer, and sue defendant at law as the actual owner of said stock, the technical equitable relief prayed for would, if granted, be useless and unnecessary. For this reason defendant insists that an adequate remedy at law exists, and he should not be deprived of his right to a trial by jury simply by reason of technical relief sought by this proceeding in equity. I am of the opinion that, as the bill asks for relief to which complainant is entitled, and which cannot be granted at law, equitable jurisdiction must be entertained, even though such relief may, as a matter of fact, be only of technical advantage to complainant. The demurrer is overruled.