## John B. Yeazel v. Harber Bros. Co.

1. PLEADING—*When Pleading Will be Held Bad for Duplicity.*—A pleading that is bad for duplicity will be held so only when the demurrer is special and points out wherein the duplicity consists.

2. GUARANTY—*Party Holding the Guaranty is Not Bound to Demand Payment in Order to Hold the Guarantor.*—The principal debtor and guarantor are both bound to see that payment is made at the time specified, and the party holding the guaranty is not bound to demand payment in order to hold the guarantor.

Assumpsit.—Appeal from the Circuit Court of Champaign County; the Hon. FRANCIS M. WRIGHT, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

The appellant filed his demurrer to a declaration in assumpsit, presented by appellee against appellant and one O. P. Kellogg. The declaration avers that appellant, on the 3d of January, 1895, executed and delivered to

appellee his obligations, under seal, guaranteeing the payment by Kellogg, of any indebtedness due appellee from Kellogg for goods and property which should be sold, consigned, or delivered by appellee to Kellogg, at St. Joseph, Illinois; that Kellogg was appointed the agent for appellee and, as such, received goods that were sent to him; that appellant afterward, on the 14th day of March, 1898, entered into and delivered to appellee his further obligation under seal, whereby he guaranteed payment of all such bills as might mature for the sale of goods, including notes and extensions thereof, given in settlement of the same; that after the making of the second obligation, appellee sold, consigned and delivered to Kellogg certain goods, for which he executed one promissory note, dated January 29, 1901, for the sum of $264.20, payable September 1, 1901; a promissory note dated July 8, 1901, for the sum of $1,003.58, payable September 1, 1901; one promissory note dated July 8, 1901, for the sum of $456.25, payable October 1, 1901; one promissory note dated July 8, 1901, for the sum of $155, payable October 15, 1901; another note dated July 8, 1901, for $186.25, payable December 1, 1901; one promissory note dated July 8, 1901, for the sum of $186.25, payable on the first day of February, 1902; and one other note, dated the 8th day of July, 1901, for the sum of $186.25, payable June 1, 1902; that Kellogg delivered said notes to appellee; that the sums mentioned in said notes have long since fallen due, but that none of them have been paid; that Kellogg, in addition to the amounts mentioned in said notes was indebted to appellee on the first day of December, 1901, in the further sum of $354.38, for goods sold, consigned and delivered to him in consideration of the written obligation, signed by appellant, and for which account a statement had been rendered to Kellogg. The declaration further avers that by reason of the writings obligatory, so executed by appellant, he became liable and promised to pay the appellee the said sums of money aforesaid on the maturity thereof, and that although often requested so to do, he has failed and refused.

The court overruled the demurrer and appellant elected to stand by his demurrer. A default was entered against him, and the court assessed the damages and entered judgment against him for $1,719.83. From that judgment appellant prosecutes this appeal.

COGGESHALL & THOMPSON, attorneys for appellant.

LILLARD & WILLIAMS and GERE & PHILBRICK, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

The only question for our decision is the sufficiency of the declaration upon a general demurrer. The first objection urged to the declaration is that it seeks a recovery upon two contracts of guaranty, set out in one count. If the objection were a valid one, it could not be raised by general demurrer. A pleading that is bad for duplicity will be held so only when the demurrer is special and points out wherein the duplicity consists. 1 Chitty on Pleading, 228; Armstrong v. Webster et al., 30 Ill. 333; Kipp v. Bell, 86 Ill. 577.

It is insisted that the declaration is bad because there is no averment that Yeazel had notice that his guaranty had been accepted and that goods were being sold to Kellogg on the faith of it. No such averment was necessary. The contract shows upon its face that it was being acted upon. Yeazel having executed and delivered it to the plaintiff, no duty rested upon the plaintiff of formally announcing to Yeazel that the contract had been accepted and that the plaintiff would sell goods to Kellogg on credit in faith of it. The contract of guaranty became absolute the moment it was delivered and he became bound by it the moment any goods were sold to Kellogg.

It is next urged that the declaration is bad because there is no averment of a demand upon Kellogg at maturity of the several items of indebtedness mentioned and notice to Yeazel of non-payment. Where the contract of guaranty is an original undertaking, the guarantor is not entitled to notice of default in payment by the debtor

whose obligation has been guaranteed. The principal debtor and guarantor are both bound to see that payment is made at the time specified and the party holding the guaranty is not bound to demand payment in order to hold the guarantor.   Voltz v. Harris et al., 40 Ill. 155; Gage v. Lewis, 68 Ill. 618; Gage v. Mechanics' National Bank, 79 Ill. 62.   The contract specifically recites that Yeazel agreed and obligated himself to become jointly and severally liable with Kellogg to the Harber Brothers Company for the payment of any goods sold and delivered to Kellogg by it, and that he agreed to pay, "in the first instance," any indebtedness so arising, whether on note, bill or open account.   The contract also waives any notice of sales to Kellogg, of the accruing indebtedness, or defaults in the payment thereof.   The declaration contains the usual formal averments of failure to pay after request, etc., and that is sufficient.

It is objected that the declaration contains no averment showing diligence upon the part of plaintiff to collect from Kellogg.   For the reason that Yeazel's liability as guarantor was primary, no such averment was necessary.

We think the declaration was not obnoxious to general demurrer and therefore affirm the judgment.

Mr. Presiding Justice WRIGHT took no part.