**John B. Edwards, Trustee, Appellee, v. Gustav A.
Schillinger et al., Appellants.**

Gen. No. 14,434.

1. Corporations—*what not essential to enforcement of stock
liability.* A call or assessment is not essential to the maintenance
of a proceeding to enforce stock liability.

2. Corporations—*what will not defeat bill to enforce stock lia-*

*bility*. The absence of a direction by a referee or the court directing a trustee in bankruptcy to institute an action to enforce stock liability, is a question which cannot be raised by general demurrer to a bill filed by such trustee.

3. CORPORATIONS—*inadequacy of remedy at law to enforce stock liability*. If a fictitious payment of corporate stock has been made. a court of equity alone has jurisdiction to set aside such pretended payment and enforce stock liability.

4. BANKRUPTCY—*power of trustee to sue*. A trustee in bankruptcy has power to institute and maintain an action to enforce stock liability.

5. PARTIES—*who not necessary to bill to enforce stock liability*. In a proceeding by a trustee in bankruptcy of an insolvent corporation to enforce stock liability, such corporation is in legal contemplation represented by the trustee and need not be made a party, and stockholders insolvent or beyond the jurisdiction of the court need not be joined.

6. COMITY—*presumption as to law of sister state*. In the absence of proof it is presumed that the common law exists in a sister state.

Bill for accounting, etc. Appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed May 3, 1909. Rehearing denied May 17, 1909.

**Statement by the Court.** September 20, 1905, John B. Edwards, trustee in bankruptcy of Schillinger Brothers Asphalt Company, filed a bill of complaint against Gustav A. Schillinger and A. C. Gumbinger, the averments of which are substantially as follows: October 3, 1900, the Schillinger Brothers Asphalt Company became incorporated under the laws of the State of Missouri, for a term of fifty years from said date, for manufacturing and business purposes, and, immediately after its incorporation, proceeded to carry on its business in the city of St. Louis, Missouri, its principal place of business. Its capital stock was $20,000, divided into shares of the face value of $100 each, and the shares were subscribed for by the following named persons for the following amounts:

| | | |
|---|---|---|
| B. J. Calking, | 100 shares, | $10,000; |
| Charles Mueller, Jr., | 99 shares, | $9,900; |
| Henry Jacobson, | 1 share, | $100. |

Money or property was turned over to and accepted by said corporation as half payment for said shares, and certificates for the shares, showing on their face that they were only half paid for, were issued to said subscribers. Subsequently, the defendant, Gustav A. Schillinger, became the owner of sixty shares, and the defendant, A. C. Gumbinger, became the owner of forty shares of said stock, and a certificate was issued to each of said defendants accordingly, each certificate showing on its face that the stock was only half paid for, and each of said defendants assumed and agreed to pay the remainder of the subscription price, when demanded. Said defendants are still the owners of said stock and neither of them has paid the remainder due thereon.

April 28, 1902, the board of directors of said corporation held a meeting in the city of St. Louis, and pretended to declare a dividend of $8,920.65, and authorized the secretary of the corporation to issue dividend certificates to the following named persons for the following shares held by them: To Gustav A. Schillinger, 60 shares; to Charles Mueller, Jr., 50 shares; to A. C. Gumbinger, 40 shares; to Henry Jacobson, 1 share; to A. Maritzan, Jr., 10 shares.

Said board also authorized said secretary to receive such dividend certificates when issued, and the respective stock certificates held by each of them and issue in lieu thereof fully paid stock in said corporation, and further directed said secretary to credit the residue of said dividend so declared *pro rata* among the aforesaid stockholders. Said secretary acted as authorized by said board, and issued to said stockholders fully paid stock.

At the time the board of directors declared said dividend, the corporation was insolvent and unable to pay any dividend on said stock, and the dividend was declared to relieve said stockholders from liability for the unpaid remainder due on their stock, and, in justice to creditors, said declaration of dividends

should be set aside. October 2, 1902, a petition to have said corporation declared bankrupt was filed in the District Court of the United States for the Eastern Division of the Eastern District of the state of Missouri, and, November 8, 1902, said corporation was adjudged bankrupt.

November 25, 1902, the first meeting of creditors was duly called, and complainant was duly elected trustee of the estate of said bankrupt, by said creditors, and filed his bond as such, with surety approved by the court, and is the duly qualified and acting trustee of the estate of said bankrupt. Valid claims to the amount of $7,195.10 have been filed and proved against said bankrupt estate, and are payable out of its assets. Complainant has reduced to cash all assets of said estate which have come to his possession, and now has $725.95, which is the sole asset of the estate, except the liability of stockholders for unpaid stock and a claim against Schillinger Brothers, a corporation, amounting to $2,316.25, which claim is being litigated in a suit in the Superior Court of Cook county, Illinois, in which suit complainant is plaintiff. Said bankrupt has wholly ceased business, and, at the time it so ceased, Gustav A. Schillinger, A. C. Gumbinger, Henry Jacobson, Charles Mueller, Jr., and A. Maritzan were the only owners or holders of stock in said corporation, and that they, together with B. J. Calkins, are the only persons who ever held or owned stock in said corporation, and all of said persons, except Gustav A. Schillinger and A. C. Gumbinger, the defendants, are residents of the State of Missouri, and are beyond the jurisdiction of this court, and are, and each of them is, insolvent.

Complainant is informed, believes and charges, that Gustav A. Schillinger is solvent and able to pay the remainder due on his stock.

Your orator further avers, that under and by virtue of the laws of the State of Missouri, the original subscribers for the stock of a corporation are liable to

pay to said corporation the face value of the stock subscribed for by them and that all subsequent owners or holders of said stock are liable for the unpaid portion of the face value of said stock so owned or held by them when they acquire same knowing same to be unpaid.

Complainant is unable to state positively whether defendant Gumbinger is solvent, and asks that this may be inquired into and ascertained.

The bill asks for answer, but not under oath, and prays as follows:

"And your orator prays that an accounting may be taken by and under the direction of this Honorable Court of the indebtedness due from said bankrupt corporation to its several creditors and the assets of said corporation in the possession of your orator, and such other assets to which your orator is entitled to possession, and that each of the said defendants, Gustav A. Schillinger and A. C. Gumbinger, who have not paid in full for the stock held and owned by them in said bankrupt corporation, should be decreed to pay his *pro rata* share of the indebtedness of said corporation.

"And your orator prays that if the said A. C. Gumbinger shall not have property enough to satisfy his portion of such debts or liabilities, then in such case that the said Gustav A. Schillinger shall be decreed to pay to your orator the balance due upon the stock so held and owned by him, or so much thereof as may be necessary to liquidate the indebtedness of said bankrupt corporation, and that your orator may have such other and further relief in the premises as equity shall require and to your honors shall seem meet," etc.

The bill is verified by the affidavit of the complainant. October 30, 1905, the appearance of the defendants was entered by their solicitors, and, November 16, 1905, the defendants filed a joint general demurrer to the bill, specifying no ground of demurrer. Janu-

ary 21, 1907, the court entered an order overruling the demurrer, and ruling the defendants to answer within ten days.

October 22, 1907, the defendants were defaulted, for failure to answer, and the bill was taken as confessed by them, and, October 23, 1907, a final decree was rendered, in which the facts are found substantially as alleged in the bill, and the court finds due from the defendant Schillinger $3,000, and from the defendant Gumbinger $2,000, and decrees payment of the same. The defendants prayed and were allowed a joint appeal and appealed jointly.

McCASKILL & SON, for appellants.

HOYNE, O'CONNOR & IRWIN, for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The question to be determined is, whether the court erred in overruling the demurrer of the defendants to the complainant's bill, and in rendering a decree accordingly, the defendants having elected to abide by their demurrer. The demurrer is, for the purpose of passing on the sufficiency of the bill, an admission of the truth of all material facts well pleaded, and will be so considered in this opinion. The material facts are few and simple. The Schillinger Brothers Asphalt Company, a Missouri corporation, having its principal place of business at the city of St. Louis, in Missouri, had issued to the subscribers for its stock, stock certificates, which were only half paid for, and which, on their face, showed that they were only half paid for. The face value of the shares was $100 per share, and the defendant Gustav A. Schillinger became the owner of sixty, and the defendant A. C. Gumbinger became the owner of forty of said shares. Subsequently, and at a time when the corporation was wholly insolvent, its board of directors declared a dividend of $8,920.65, caused said dividend to be distributed to

the shareholders, by means of dividend certificates, and . then, on the return to the corporation by the shareholders of the dividend certificates, issued to each of them a stock certificate, purporting to be partly paid for, for the whole number of shares held by him. Each of the defendants assumed and agreed to pay the unpaid half price of his shares, being in the case of defendant Schillinger $3,000, and, in the case of defendant Gumbinger $2,000, and neither of said defendants has paid said sum due from him, although each of them has been often requested so to do.

November 8, 1902, the Schillinger Brothers Asphalt Company was adjudged bankrupt by the District Court of the United States for the Eastern Division of the Eastern District of Missouri, and, subsequently, complainant was duly appointed trustee in bankruptcy of the bankrupt's estate, and qualified as such. Claims amounting to $7,195.10 have been proved and allowed against said estate, and the assets of the estate amount only to $725 in money, the liability of the stockholders, and a certain claim of the bankrupt corporation against Schillinger Brothers Asphalt Company, involving $2,316.25, in respect to which a suit is pending, in which complainant is plaintiff and said company is defendant. All the stockholders, except the defendants, are residents of the State of Missouri, and are all insolvent. The defendants are residents of the city of Chicago in this state. The defendant Schillinger is solvent and able to pay the amount due on his stock, but it appears from the bill that the solvency of defendant Gumbinger is questionable.

Counsel for the defendants make numerous objections to the bill, none of which touches the main question on the merits, viz.: the liability of the defendants to pay the amounts due on their shares. The capacity of the complainant to sue is questioned, on the ground that there was no call or assessment preliminary to bringing suit, and no direction to sue. We do not

think any call or assessment necessary. The amounts due from the defendants are definitely fixed by the facts alleged in the bill, and each of them agreed to pay the sum due from him, and, although often requested, has failed so to do. Nor do we think that the question, whether the complainant was directed by the court or the referee to bring suit, can be raised by general demurrer. In Hoyt v. Hoyt, 58 Vt. 538, 540, the court say: "Objections to the competency of a party to maintain a suit are in the nature of pleas in abatement of the process—Mitf. Eq. Pl. 184; and viewed in that light, it is obvious that the objection should be presented as a preliminary question, so that it may be disposed of before the parties are put to expense in further litigation."

In the absence of anything to the contrary, complainant's right to sue must, as we think, be presumed. By section 70 of the bankrupt act, the trustee, when qualified, is vested with title to all property of the bankrupt, which is not exempt by the law, and, by section 47 of the act, it is made his duty to collect and reduce to money the property of the bankrupt estate, under the direction of the court.

In Sanger v. Upton, 91 U. S. 56, 62, the court say: "By the deed of assignment, all the property and effects of every kind, which belonged to the company when the petition to have it declared a bankrupt was filed, passed to the assignee. Bump on Bankruptcy, 473, 478; Rev. Stat., Sec. 5044. He was clothed with the power and duty to sue whenever suit was necessary. The statute in terms gave him the same right in any litigation he might institute which the bankrupt would have had 'if the decree in bankruptcy had not been rendered, and no assignment had been made'. Id. Sec. 5047; Bump on Bank. 528. The liability of the plaintiff in error, and the right and title of the company, were legal in their character. If the company had sued, it might have sued at law. The rights of the company passed to the assignee, and he also

could enforce them by a legal remedy. The assignee was subrogated to all the rights, legal and equitable, of the bankrupt corporation. This suit was, therefore, well brought in the form adopted. Hall v. U. S. Ins. Co., 5 Gill, 484''.

In Hatch v. Dana, 101 U. S. 214, the bill was a creditor's bill, by which it was sought to obtain payment of a judgment against a corporation from unpaid stock subscriptions. It was objected by the defendant stockholders that their subscriptions for stock were payable ''as called by the company'', in respect to which the court, in its opinion, said: ''Assuming that such a clause in the subscription meant more than an agreement to pay on demand, and that it contemplated a formal call upon all subscribers to the stock of the company, the subscriptions were still in the nature of a fund for the payment of the company's debts, and it was the duty of the company to make the calls whenever the funds were needed for such payment. If they were not made, the officers of the company violated their trust, held both for the stockholders and the company. And it would seem to be singular if the stockholders could protect themselves from paying what they owe by setting up the default of their own agents. But in this case the company went out of business before the complainant obtained his judgment, and it does not appear that since that time it has had any officers who could make the calls. Before that time its president was dead. However this may be, it is well settled that a court of equity may enforce payment of stock subscriptions though there have been no calls for them by the company,'' etc., citing Henry v. Railroad Co., 17 Ohio 187.

Counsel for defendants object that neither the corporation nor any stockholders, except the defendants, are made parties. It is contended by complainant's counsel that the question of the want of proper parties cannot be raised by general demurrer. But waiving this, we think the objection unsound. Complain-

ant represents both the general creditors and the bankrupt corporation. Brandenburg on Bankruptcy, 3 ed., p. 737, and cases cited in note 8; Collier on Bankruptcy, 3 ed., p. 781, Sec. 1208. Therefore the bankrupt corporation is, in legal contemplation, a party. All the stockholders, except defendants, are residents of the city of St. Louis, Missouri, and are insolvent, and no decree is sought against them. Therefore, they are not necessary parties. Story on Eq. Pl., 9 ed., Sections 87-89; 127-129. If the objection of defendants' counsel should be sustained, the complainant would have no remedy, the stockholders, except the defendants, being beyond the jurisdiction of the Superior Court. We do not understand counsel for defendants to contend that the lower court has not jurisdiction of the persons of the defendants or the subject-matter, but merely that it should not take jurisdiction, because it cannot state an account between the bankrupt and its creditors, and ascertain and distribute the proportion which should be paid by the different stockholders.

In Collier on Bankruptcy, p. 272, the author says: "Any state court which would have had jurisdiction had not bankruptcy intervened, now has concurrent jurisdiction of any suit which may be brought by the trustee in the district court". To the same effect are Brandenburg on Bankruptcy, 3 ed., sections 580-581. In the present case the court, after finding the facts, merely decrees payment by each defendant of the amount due from him, leaving it to the United States Court in Bankruptcy to adjust the equities, if any, between the defendants and the other stockholders.

It is contended by counsel for defendants that there is an adequate remedy at law, by separate suits against the defendants. This contention cannot be sustained. A court of law could not set aside the declaration of dividend, and consequent issue of certificates of fully paid stock, fraudulent as to creditors, and this is essential to the final relief sought. In

Ogilvie v. Knox Insurance Company, 22 How. 380, a creditor's bill against part of the stockholders of an insolvent corporation to compel payment by them of money due on their shares, was sustained, and the court held, among other things, that it was not necessary to make all the stockholders defendants, saying: "The objection made to the bill for want of proper parties is equally untenable. The creditors of the corporation are seeking satisfaction out of the assets of the company to which the defendants are debtors. If the debts attached are sufficient to pay their demands, the creditors need look no further. They are not bound to settle up all affairs of this corporation, and the equities between its various stockholders or partners, corporators or debtors."

The complainant in the case at bar represents the creditors. It is objected that the law of Missouri is not well pleaded in the bill. It is not necessary to pass on this objection. The defendants received and hold the stock, and agreed to pay its face value, $100 per share. They have paid only $50 per share, and each of them is liable, at common law, to pay the remaining $50 per share due, and it must be presumed, in the absence of evidence to the contrary, that the common law prevails in Missouri.

Counsel for defendants assume that it was complainant's intention to plead a statutory liability. There is no basis for this assumption. The language of the bill is, "by virtue of the laws of the state of Missouri", etc., which language does not necessarily import statutory law. The facts pleaded show clearly the liability of each of the defendants to pay the half price of his shares of stock remaining unpaid. This liability is not questioned. When there is a legal liability, there must be a remedy to enforce it, and no remedy has been suggested by defendants' counsel, nor do we know of any except in this jurisdiction in which the defendants reside.

The court did not err in overruling the defendants' demurrer, or in rendering the decree appealed from, and the decree will be affirmed.

*Affirmed.*