## Charles E. Hamilton, Receiver, Appellee, v. Louis Eisendrath, Appellant.

### Gen. No. 18,938.

1. PLEADING, § 189*—*when duplicity in declaration is waived.* Duplicity in a declaration is a defect in form only and must be taken advantage of by special demurrer, and where the defendant files no special demurrer thereto charging duplicity, the defect is waived.

2. CORPORATIONS, § 227*—*right to enforce stockholder's liability against real owner of stock held in name of another.* The real owner of stock in a corporation, standing by his procurement in the name of another on the books of the company, may be charged in an action at law with statutory liability for the corporate debts, since he is in law a "shareholder" and as such liable in an action at law for an assessment made upon the insolvency of the corporation.

3. CORPORATIONS, § 584*—*when receiver may sue to enforce stock liability.* There is no difference in principle between an action brought by a receiver of a national bank, under the provisions of the National Bank Act, and an action brought by a receiver of an insolvent corporation under the provisions of a state constitution to enforce the individual liability of a stockholder.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed March 26, 1914.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

**Statement by the Court.** This is an action in *assumpsit*, brought in the Circuit Court of Cook county, Illinois, by appellee, Charles E. Hamilton, Receiver of Evans, Johnson, Sloan Company (hereinafter designated as the plaintiff), an insolvent Minnesota corporation, on behalf of, and as the statutory representative of, said corporation, against Louis Eisendrath, the appellant (hereinafter designated as the defendant). The defendant filed a demurrer (general and special) to the declaration of the plaintiff. The demurrer was overruled and the defendant was ordered to plead to the said declaration within ten days. The defendant having failed to plead within that time, a default was taken. A motion in arrest of judgment was overruled, and thereafter a judgment was entered against the defendant in the sum of $1,933.33. The defendant has prayed this appeal from the judgment.

The declaration alleges that the Evans, Johnson, Sloan Company was a Minnesota corporation organized in 1902, with a capital stock of $250,000, divided into 2,500 shares of the par value of $100 each; that the business of the corporation was to buy, sell, manufacture and deal in all kinds of merchandise; that in 1905, the United States District Court, District of Minnesota, made its order adjudging said corporation a bankrupt; that trustees of said corporation were appointed; that in said bankruptcy proceedings, claims to the amount of $250,000 were allowed; that a dividend of 20 45/100 per cent. was declared and said corporation was discharged as a bankrupt; that on May 28, 1906, Marshall Field & Co., a creditor of said corporation, commenced in the District Court of Ramsey county, Minnesota, an action under chapter 76, Gen. St. Minn. (Revised Laws 1905, sec. 3173), as amended and supplemented by chapter 272, Laws of 1899, to wind up said corporation and to sequestrate its stock and property and appoint a receiver therefor with authority to collect the constitutional liability of the stockholders, as provided by said chapter 272, Gen.

Laws 1899 (Revised Laws 1905, secs. 3184-3190); that the summons in said action was duly and personally served upon said Evans, Johnson, Sloan Company; that it appeared by its attorney in said action; that the court made its order and decree adjudging the corporation insolvent and appointing the plaintiff as receiver of said corporation; that creditors of said insolvent corporation have filed claims to the amount of $148,169.59; that said claims have been allowed; that all the property and assets which the insolvent corporation had, or acquired prior to the commencement of the action in which the present receiver was appointed, were taken possession of by the trustees in bankruptcy and converted into cash and distributed, and that no assets have come into the hands of this receiver excepting the right to sue the stockholders for the superadded liability for debts of the corporation; that section 3 of article 10 of the Constitution of Minnesota provides as follows:

"Each stockholder in any corporation, excepting those organized for the purpose of carrying on any kind of manufacturing or mechanical business, shall be liable to the amount of stock held or owned by him."
That on or about April 26, 1902, the defendant Eisendrath, in Hennepin county, Minnesota, subscribed for and became the owner of fifteen shares of the capital stock of said corporation of the par value of $1,500; that a certificate therefor was issued and delivered to defendant, and a record thereof made on the books of the corporation, and that said fifteen shares have ever since been and now are owned and held by said defendant; that on or about February 16, 1905, and after a large part of said indebtedness of said Minnesota corporation had arisen and been incurred, and when said corporation was insolvent and in failing circumstances, the defendant, with knowledge of the insolvent condition and failing circumstances of said corporation and for the purpose of avoiding his liability as the owner of said shares of stock, made a pre-

tended transfer thereof to Joseph Strouss, who was then in the employ of the defendant as a clerk, and who was a person without any property or means; that said pretended transfer was without any consideration, that it was made with the understanding between the defendant and Strouss that Strouss should not thereby acquire any beneficial interest in said stock but that the defendant should remain the owner of the entire beneficial interest therein, and that said pretended transfer was fraudulent and void as to the plaintiff and the creditors of the insolvent corporation; that more than $75,000 of the said indebtedness allowed in said sequestration action arose and was incurred prior to the date of said pretended transfer to Strouss, and that it was and is the law of Minnesota, as provided by section 2599, Gen. St. 1894, Rev. St. 1905, sec. 2864, as construed by the Supreme Court of Minnesota, that a stockholder cannot affect or avoid his liability for prior debts by any transfer of his stock. Chapter 272, General Laws of Minnesota for 1899, which provides for the enforcement of the liability of all stockholders ·of a Minnesota corporation, is set forth in full in the declaration. The declaration sets forth the petition of the receiver for an assessment upon the capital stock and against all parties liable, the order for hearing thereon; that the proper notice of such hearing was duly given; that a copy of said order and notice of hearing was served on defendant by mail; that the matter was heard by the court; that evidence was introduced by said receiver, and the matter argued by counsel and considered by the court, and that thereafter and on Sept. 4, 1906, the District Court of Ramsey county made and entered its order of assessment in said action assessing the stock to the amount of the full par value thereof. The order of assessment is set forth in full. The order contains the following: "It is ordered, that an assessment equal to the par value of each share of the capital stock of said defendant,

to wit: the sum of one hundred ($100.00) dollars on each and every share of the capital stock of said defendant, be and the same is hereby assessed upon and against each and every share of said capital stock and upon and against the person or parties liable as stockholders of said defendant for, upon or on account of such shares of stock; *that each and every person or party liable as such stockholder* of said defendant pay to said Charles E. Hamilton, as receiver of said defendant, at his office, in the City of St. Paul,. in said Ramsey County, State of Minnesota, within thirty days after the date of this order, the sum of one hundred ($100.00) dollars for and on account of each and every share of said stock for or upon which said person or parties are liable as stockholders of said defendant; and that said receiver forthwith proceed to collect the several amounts due from the several persons or parties liable as stockholders of said defendant under the terms of this order, and hold the amounts thus collected until the further order of the court herein." The declaration sets forth that at the time of the organization of said corporation it was, ever since has been and now is the law of Minnesota, as decided and determined by its Supreme Court, in construing said provisions of the Constitution and the statutes of said State, that each and every stockholder of said corporation is liable for its indebtedness, in case the property and assets of the corporation are not sufficient to liquidate such indebtedness, to an amount equal to the par value of the stock held or owned by each stockholder, and that such liability is a fund for the security and benefit of all the creditors ratably; to the damage of the plaintiff in the sum of $2,500.

ROSENTHAL & KURZ, for appellant.

JAMES E. TRASK and HOBART P. YOUNG, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

The defendant first contends that the declaration is faulty for duplicity. Duplicity is a defect in form only and must be taken advantage of by special demurrer. The defendant filed no special demurrer charging duplicity in the declaration. He has, therefore, waived this fault in the pleading—if it existed in the same. *Chicago West Div. Ry. Co. v. Ingraham,* 131 Ill. 665; *Yeazel v. Harber Bros. Co.,* 106 Ill. App. 410; *Kipp v. Bell,* 86 Ill. 577.

The defendant next contends that he is not liable in a common-law action. He admits that the plaintiff, under the allegations of the declaration, would have a right to proceed against the defendant in equity. In passing upon defendant's contention, certain allegations in the declaration must be borne in mind. These allegations are: ''When said corporation was insolvent and in failing circumstances, said defendant, with knowledge of the insolvent condition and failing circumstances of said corporation and for the purpose of avoiding his liability of said fifteen shares of stock, made a pretended transfer thereof to one Joseph Strouss, who was then in the employ of said defendant as a clerk, and who was, as plaintiff is informed and verily believes, a person without property or means; that said pretended transfer was without any consideration; that it was made, as aforesaid, with the understanding between the parties thereto that said Joseph Strouss should not thereby acquire any beneficial interest in said stock, but that said defendant should remain the owner of the entire beneficial interest therein.'' The defendant, by his demurrer, admits the truth of these allegations. The contention of the defendant, therefore, raises the following question: In an action at law, brought by a receiver of a bankrupt corporation against the real owner of certain stock of the said corporation (the said stock standing by the procurement of the real owner, in the name of a dummy owner), can the real owner be charged as stockholder with the

statutory liability of stockholders, or is the receiver, under such facts, compelled to proceed in chancery to enforce his claim?

In the case of *Davis v. Stevens,* 17 Blatchf. 259, a receiver of a national bank in the city of New York sued in an action at law an alleged shareholder to enforce the individual liability of the shareholder, under section 5151 of the Revised Statutes of the United States. In this case, Stevens, the defendant, owned certain shares of stock in a national bank of New York, and to conceal his ownership in order that he might escape statutory liability, he caused the stock to be registered in the name of one Elston, an irresponsible person and a porter in the office of Steven's New York broker. At the time that this was done, there was no suspicion of the insolvency of the bank, and it remained in good credit for more than a year afterwards. Mr. Justice Waite, the writer of the opinion in the case, said: "The point to be decided now is, whether, *in an action at law,* by a receiver of the bank, the real owner of stock in a national bank, standing, by his procurement, in the name of another, and never having been in his own name on the books, can be charged, as a shareholder, with the statutory liability for debts." The conclusion reached was, that Stevens was, in law, a "shareholder" of the bank, at the time of its failure, and as such was liable in an action at law. In the case of *Houghton v. Hubbell,* 33 C. C. A. 574, 91 Fed. 453, it was held that the real owner of certain shares of stock in a national bank, which, by his procurement or permission, stood on the books of the bank, in the name of an agent, and had never been in his own name, may be charged as a shareholder for an assessment made on the bank's insolvency, and the receiver of the bank may bring an action *at law* for the collection of such assessment against the real owner. In this case the Court said: "Assuming that an assessment could have been successfully maintained against the

agents who stood upon the bank records as owners, still the comptroller might properly, in his discretion, elect to pursue directly the actual known owner. In doing so in this case, the comptroller elected the more equitable of the legal remedies, and the one which sensibly avoided circuity of action and unnecessary litigation, by striking at once the source upon which, if no exceptional circumstances exist, and necessary remedies were employed by the agents, the statutory burden must finally fall. It cannot be seen that any legal rule interposes, in a situation like this, to prevent reaching a result directly which admittedly can be reached indirectly. Neither can we see any prudential reason for pursuing an indirect legal course when a direct one is fairly and plainly open." *Ohio Valley Nat. Bank v. Hulitt*, 204 U. S. 162, was an action *at law*, by the receiver of a national bank to enforce the statutory liability of the real owner of certain stock, who had listed it in the name of another. In this case the Court, in holding that the real owner of the stock could be held in the action at law, said: "As to such owner, the law looks through subterfuges and apparent ownerships and fastens liability on the shareholders to whom the shares really belong." .

Is there any difference in principle between these cases, brought by receivers of national banks, under the provisions of the National Bank Act, and the case at bar? The bank cases heretofore referred to in this opinion were predicated upon section 5151, R. S. (U. S.). This section provides: "The shareholders of every national banking association shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of such associations, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares." Section 3, art. 10 of the Constitution of Minnesota, upon which the liability of the defendant in this case is predicated, provides: "Each stockholder of any corporation, ex-

cepting those organized for the purpose of carrying on any kind of manufacturing or mechanical business, shall be liable to the amount of stock held or owned by him.'' This provision of the Minnesota Constitution is certainly as broad as section 5151 of the Federal statutes.

In the case of *Straw & Ellsworth Mfg. Co. v. Kilbourne Boot & Shoe Co.,* 80 Minn. 125, the Supreme Court of Minnesota passed upon the constitutionality of Laws of 1899, chapter 272 of the Minnesota Statutes, entitled ''An Act to provide for the better enforcement of the liability of stockholders of corporations.'' This is the act upon which the present suit is predicated. In this case, in speaking of the scope and effect of the act, the Court said: ''The proceeding is not materially different from that authorized by the national banking act, except that under the latter the assessment is made by the comptroller of currency, while here the assessment is by the court in insolvency proceedings.'' In passing upon the question as to the effect of the assessment order on the stockholders, the Court said: ''But, as we have heretofore intimated, the stockholders are not concluded in all respects by the determination of the court, nor is that the fair meaning of chapter 272, sec. 5. A person sued as shareholder may show, if he can, that he is not a shareholder at all, or that he is not the holder of so large an amount of stock as is alleged, or that he has discharged his liability, or that he has a claim against the corporation which he may, in law or equity, set off against the claim or judgment in assessment, or he may make any other defense which is personal to himself.''

The defendant cites in support of his contention, the following cases: *Edwards v. Schillinger,* 148 Ill. App. 227; *Hedlund v. Dewey,* 105 Fed. 541; *Bowden v. Johnson,* 107 U. S. 251. In the case of *Edwards v. Schillinger, supra,* a trustee in bankruptcy filed a bill in chancery against certain stockholders to enforce stock liability. It was alleged in the bill that at a time when

the corporation was insolvent a fraudulent dividend was declared to enable the defendants to make a fictitious payment for the unpaid remainder due on their stock, and the complainant asked to have such pretended payment declared fraudulent and set aside. The complainant further prayed that an accounting might be had of the assets and liabilities of the corporation and that the defendants should be decreed to pay their pro rata share of the indebtedness of the corporation. In that case it was contended by counsel for the defendants that the trustee in bankruptcy had an adequate remedy at law, by separate suits against the defendants. The court held otherwise. We do not think the case is in point. In the case of *Hedlund v. Dewey, supra,* the receiver of a national bank filed a suit in equity against a former stockholder of record in said bank, to recover unpaid stock liability, upon the ground that the transfer by defendant of said stock, prior to the appointment of the receiver, was fraudulently made for the purpose of avoiding such stock liability. The complainant in the bill asked a cancellation of said transfer, an entry of said stock upon the books of the bank in the name of the defendant, and a money decree against the defendant for the amount of the assessment against such stock. The defendant demurred to the bill, on the ground that, inasmuch as the receiver could ignore the fraudulent transfer and sue the defendant *at law,* as the actual owner of said stock, the technical equitable relief, would, if granted, be useless and unnecessary and that, as the complainant had an adequate remedy at law, he (the defendant) should not be deprived of his right of a trial by jury, simply by reason of technical relief sought by the complainant in the equity proceedings. The case is a *nisi prius* one, and the decision of the judge follows: "I am of the opinion that, as the bill asks for relief to which the complainant is entitled, and which cannot be granted at law, equitable jurisdiction must be entertained, even though such relief may, as a matter of fact, be only of

technical advantage to the complainant. The demurrer is overruled.'' The opinion clearly recognized the right of the complainant to bring an action *at law* against the defendant. We fail to see how this case supports defendant's contention. In the case of *Bowden v. Johnson, supra,* the receiver of an insolvent bank brought a suit in equity against the transferrer and the transferee of certain stock, to enforce the stock liability. The bill asked for discovery as well as for relief. The defendants in the case contended that it was not a case for equity, because a plain, adequate and complete remedy existed at law. In answer to this contention, the Court said: ''This being a bill for discovery as well as relief, and the fraudulent transfer being good between the parties, and only voidable at the election of the plaintiff, it is clear that equity has jurisdiction to set it aside and enforce the liability of the transferrer.'' This case does not hold that the complainant in the case had not the right to sue the defendants at law.

If, under section 5151 R. S. (U. S.), the real owner of stock, which stands by his procurement in the name of another, may be sued in an action at law to enforce the liability growing out of the ownership of the stock, we see no good reason why, in a like case, predicated upon section 3, art. 10 of the Minnesota Constitution, the same procedure may not be followed.

Finding no error in this record, the judgment of the Circuit Court of Cook county will be affirmed.

*Affirmed.*